## WILSON v. WILSON.

PARTNERSHIP.—Under the facts here it is *held* that a partnership was formed in parol between plaintiff and defendant, each contributing unlike amounts to the partnership assets; that receipt produced by defendant as part payment for interest in the business was not signed by party purporting to do so, or if so under a misapprehension; that funds put in business after beginning of partnership by each partner, was not contributions to partnership assets, but each partner was a creditor for such amount and must account for funds drawn out; that real property bought by partnership assets and deed taken in name of both partners was partnership assets; that plaintiff was entitled to a decree dissolving the partnership and distribution of partnership assets between partners in proportion to amount originally contributed by each.

Before DANTZLER, J., Orangeburg, ·August, 1905.   Affirmed.

Action by Angie C. Wilson against Durham S. Wilson. From circuit decree, defendant appeals.

*Messrs. Jas. F. Izlar* and *Thos. F. Brantley,* for appellant.

*Mr. Izlar* cites: *Deed conveyed land to two as joint tenants and should be equally divided:* 46 Am. St. R., 883; 54 Am. St. R., 188; Harp. Eq., 19; 2 Rich., 541; 22 Ency., 91-95, 98, 99, 100-102, 114, 115, 121-5, 127; 12 Rich., 75. *No firm assets were fraudulently converted:* 22 Ency., 196; 25 S. C., 517; 21 L. J. Ex., 154; 21 Hill Eq., 542. *As to authority of this Court to review the facts:* 16 S. C., 481; 26 S. C., 250; 56 S. C., 168, 198, 480; 57 S. C., 533; 58 S. C., 284; 34 S. C., 102; 30 S. C., 245; 30 S. C., 467, 617; 44 S. C., 437; 42 S. C., 86.

*Mr. Brantley* cites: *Legal rights of husband in respect to wife:* 15 Ency., 811, 812, 813, 875; 60 S. C., 426; 3 Rich., 92. *Division of partnership property:* 22 Ency., 13, 14, 24, 22, 23, 127, 188, 41, 42, 47, 39, 40, 86, 101, 102, 114; 31 S. C., 527; 27 L. R. A., 455, 480; 18 S. C., 232; 52 S. C., 74. *Rule of this Court as to findings by Circuit Court:* 26 S. C., 250; 56 S. C., 168.

*Messrs. Raysor & Summers,* contra, cite: *Presumption of equal division of partnership assets may be rebutted by evidence:* 22 Ency., 101, 102, 86, 87; 23 S. C., 562. *Land bought with partnership funds is treated as partnership property:* 27 Ency., 2 ed., 93; 63 Am. Dec., 198; 5 Am. St. R., 540; 30 N. J. Eq., 136; 69 N. Y., 198; 60 Am. Dec., 533; 48 Am. Rep., 799; 50 Am. R., 788; 50 Am. R., 54; 13 Am. Dec., 647; Harp. Eq., 25; 4 Strob. Eq., 25; 27 L. R. A., 461; 1 Bates Part., 280, 281; 2 Lindley Part., 649; 17 Ency., 945, 948; Pars. Part., 4 ed., 265; 18 Kan., 948; 57 N. H., 491.

April 5, 1906. The opinion of the Court was delivered by

.MR. CHIEF JUSTICE POPE. This was an action by Mrs. Angie C. Wilson, plaintiff, against Durham S. Wilson, as defendant. Both parties are residents of the city of Orangeburg, in the said State. The object of the action is the dissolution of the partnership then existing between the parties plaintiff and defendant for the purpose of settling up the affairs of the said partnership. The testimony was taken before a special referee, the accounts of the referee were submitted and the decree of the Court was pronounced by his Honor, Judge Dantzler.

We will reproduce here such decree in its entirety and the exceptions thereto.

### DECREE.

"During the June, 1905, term of the Court of Common Pleas for Orangeburg County, this case was marked 'Heard' by me, by consent of counsel; and, some time thereafter, the pleadings, testimony and arguments of counsel were delivered to me for consideration. The action was commenced on the 17th day of May, 1902, by the plaintiff against the defendant for the dissolution of a partnership existing between them in the mercantile and millinery business in the city of Orangeburg, this State; for a settlement of their business, as such partners, and an accounting; for injunction, and the appointment of a receiver, during the pendency of the action; and for general relief.

"Thereafter a temporary order of injunction was made; and subsequently, Adam H. Moss, Esq., was appointed as receiver of the partnership property, with the usual powers, duties and responsibilties, incident to such appointment. Mr. Moss accepted such appointment, and is now such receiver.

"The defendant by his answer resists the prayer for the relief sought by the plaintiff in this action.

"The parties to this action occupy the relation of wife and husband.

"There is no contention as to the existence of a part-

nership between them; but there is a sharp contention as to the terms of the partnership, which were verbal.

"The plaintiff alleges, among other things, that, 'prior to the first day of January, 1896,' she 'was engaged in conducting a millinery and dry goods business in the city of Orangeburg, in the county and State aforesaid, and that on the said 1st day of January, 1896, she and the defendant formed a partnership for the purpose of continuing and conducting the said millinery and dry goods business in the said city of Orangeburg, under the firm name of Mrs. D. S. Wilson & Co., under an agreement that the plaintiff should contribute the stock of dry goods and millinery owned by her and valued at $3,500 and $1,000 in cash, which she did contribute to the said copartnership, and that the defendant should contribute $700 to the said copartnership, which he did contribute, and that the plaintiff and the defendant should co-operate in the care, management and labors of the business, and that the plaintiff and the defendant should share in the profits of the said business in the proportion of the amounts contributed by them respectively to the said business, and that upon a dissolution of the partnership the parties should be repaid the capital contributed by each.'

"The defendant alleges, among other things, that, 'about the 1st day of January, 1896, the plaintiff was engaged in conducting a millinery and dry goods business in the city of Orangeburg, in said county and State, with her sister, Mrs. L. M. Smoak, as equal partners, under the firm name of Mrs. L. M. Smoak & Co., and that the defendant and the plaintiff having intermarried on the 26th day of December, 1895, it was determined between them, that the defendant should purchase the interest of Mrs. L. M. Smoak in the firm of Mrs. L. M. Smoak & Co.; and that the business theretofore carried on under the firm name of Mrs. L. M. Smoak & Co. should be continued and carried on by the plaintiff and the defendant as equal partners for their mutual benefit and advantage; and that in pursuance of said determination the defendant did purchase and pay for the

3—74

half-interest of the said Mrs. L. M. Smoak in said millinery and dry goods business, out of and with his own funds, Mr. and Mrs. D. S. Wilson assuming all liabilities of the firm of Mrs. L. M. Smoak & Co., which were afterwards paid by Mr. and Mrs. D. S. Wilson out of the profits of their said business; and that since said time the said business has been conducted and carried on by the plaintiff and defendant jointly, and as Mr. and Mrs. D. S. Wilson; and that the defendant and the plaintiff have both devoted themselves unremittingly to the conduct and management of the said business; and that the said business has prospered and is to-day prosperous and in sound condition financially; and denies each and every allegation in the second paragraph of the plaintiff's complaint inconsistent with and not herein specifically admitted or denied.'

"The 'second paragraph of plaintiff's complaint' above referred to is that portion of her complaint herein before quoted.

"The testimony taken and reported by Robert E. Cooper, Esq., judge of probate, as special referee herein, in obedience to a previous order of this Court, fully vindicates the plaintiff in the institution of this suit. The partnership should be dissolved and an accounting had; and it is so ordered and adjudged.

"From the consideration of the testimony, I find and conclude that, previous to her intermarriage with the defendant, the plaintiff was a partner, on equal terms, with Mrs. L. M. Smoak, under the firm name of Mrs. L. M. Smoak & Co., engaged in the millinery and dry goods business in the city of Orangeburg, S. C.; and subsequently, the partnership was dissolved, Mrs. L. M. Smoak disposing of her interest in the partnership property to the plaintiff, the plaintiff paying for the one-half interest of Mrs. L. M. Smoak in the dry goods and millinery business the sum of $1,616.33, the value of the whole having been ascertained to be the sum of $3,232.66. That, thereafter, a partnership was formed between the plaintiff and the defendant, the plaintiff

contributing to the assets of the partnership the stock of merchandise formerly owned by Mrs. L. M. Smoak & Co., valued at $3,232.66, and $1,000 in cash, and the defendant contributing thereto the sum of $700, the interest of each in the partnership business being in proportion to the amounts contributed by each of them, as I find and conclude from the testimony.

"The contention of the defendant, that he paid to Mrs. L. M. Smoak $1,000 on account of his alleged purchase of her interest in the dry goods and millinery business of Mrs. L. M. Smoak & Co., and that such alleged payment is evidenced by Exhibit 'C,' is rebutted and overcome by the preponderance of the evidence to the contrary.

"Exhibit 'C' purports to be a receipt from Mrs. L. M. Smoak to the defendant, the following being a copy of it: 'Rec'd of D. S. Wilson one thousand dollars ($1,000.00) in full for my interest in the firm of L. M. Smoak & Co. Feb. 22, 1896.                    Signed  L. M. Smoak.'

"Mrs. Smoak denies her signature to that paper; and, from a comparison of her handwriting with the writing of her name on the alleged receipt, with her disavowal of having written it, I am inclined to the opinion that she did not write her name to that paper; but, even if she be mistaken and did sign her name thereto, yet the evidence convinces me that, if she did so, it was under a very serious misapprehension of its purport, and that the defendant did not pay her the money and, as a fact, had no business transaction with her in relation to the purchase of her interest in the property referred to; and I so hold from the testimony.

"During the active operation of the partnership business, the plaintiff and the defendant, each of them, put certain sums of money, at different times, in the firm business, but such sum of money cannot be considered to be any portion of the partnership assets, there being no evidence to any contract to that effect. In doing so, each becomes a creditor of the firm to the extent of the amount put in.

"Each of them also drew money out of the firm, on individual account, and each became a debtor to the firm to the extent of the amount withdrawn.

"The plaintiff, from her individual means—from rents collected and from her individual interest in collections on the book-accounts of Mrs. L. M. Smoak & Co.—put in the firm business the sum of $1,456.10; and the defendant, from his individual means, from Patrick note $190 and from Wilson $310—put in that business the sum of $400.

"The plaintiff drew out of the business the following sums:

For payment of note, Mrs. O'Cain................$  540  00
For payment of her part indebtedness Mrs. L. M.
    Smoak & Co.............................   549  78
For payment of taxes, insurance and repairs.......   377  86
                                                  —————

Making a total paid out on her individual account,
    the sum .............................$1,467  64

which leaves a balance of eleven and 54-100 ($11.54) dollars owing by the plaintiff to the firm on account of these transactions.

"The defendant drew out of the firm the sum of $542.59, on account of assignment of mortgage to him by Mr. Scoville, making the amount put by the defendant in the funds of the firm the sum of $400; and the amount drawn therefrom by him the sum of $542.59, leaving a balance owing by him to the firm, on account of these transactions, the sum of $142.59.

"These amounts, Adam H. Moss, Esquire, as receiver, is authorized, empowered and directed to collect from each of the parties; the sum of $11.54 from the plaintiff, and the sum of $142.59 from the defendant, or to deduct the same from the interest of each in the moneys in his hands, as he may be advised.

"All of the propery owned by the parties hereto has been sold by the receiver, the proceeds arising from the sale

thereof, including collections made by him, amounting in the aggregate to the sum of $17,702.09.

"A part of the property sold by the receiver consisted of the real property mentioned and described in the complaint; and it is claimed by the defendant that the same was not partnership property and that, therefore, the proceeds arising from the sale thereof are not partnership assets. I cannot sustain this contention; the real property was purchased with funds belonging to the firm and was to have been treated and considered as partnership property; and I so find from the testimony, and so hold; and it is adjudged, that the said real property was partnership property and that the proceeds arising from the sale thereof constitute partnership assets of the partnership existing between the plaintiff and the defendant, and must be distributed in like manner as other partnership assets of that partnership.

"As hereinbefore found, the partnership assets amounted to the sum of $4,932.66, of which sum the plaintiff contributed $4,232.66, and of which sum the defendant contributed $700; and in this proportion the amount of money in the hands of the receiver herein and the amount to be collected by him must be paid to the parties hereto, after the payment of the costs and expenses of this action, the commissions of the receiver and the taxes which may be due.

"It is, therefore, ordered, adjudged and decreed, that the partnership heretofore existing between the plaintiff and the defendant be and hereby is dissolved.

"It is further ordered and adjudged, that the plaintiff do pay to Adam H. Moss, Esq., as receiver, the sum of $11.54, and that the defendant do pay into the hands of the said receiver the sum of $142.59; the said sum of money to be paid to the said Adam H. Moss, Esq., as receiver, within ten days from the written notice of the filing of this judgment and decree; and the said Adam H. Moss, Esq., as receiver, is hereby authorized, empowered and directed to institute such proceedings for the collection of the said

several sums of money from the respective parties as he may be advised, by suit or otherwise.

"It is further ordered and adjudged, that Adam H. Moss, Esq., as receiver, out of the funds now in his hands and which may be hereafter collected by him, after the payment of the costs and expenses of this action, the payment of his commissions and any taxes which may be due, do pay to the plaintiff and the defendant, each of them, respectively, or to her or his attorneys, such an amount of money out of the funds remaining in his hands as is in proportion to the amount of money contributed by each of them to the partnership assets as hereinbefore found and determined.

"It is further ordered, that the said Adam H. Moss, Esq., as receiver, have leave to apply to this Court, or at chambers, for such further order or orders as he may be advised."

### EXCEPTIONS.

"1. Because his Honor erred in finding and holding that the plaintiff and the defendant were not equal partners in the partnership of Mr. and Mrs. D. S. Wilson, and entitled, in consequence thereof, to an equal proportion, or share. in said partnership assets, real and personal, or in the proceeds arising therefrom.

"2. Because his Honor erred in finding and holding that the defendant was indebted on an accounting with the said firm in the sum of $142.59, he having drawn out said amount from the capital of said firm, over and above the sum contributed to said partnership, while plaintiff was only indebted to said firm in the sum of $11.54 on such accounting; whereas, he should have held that the said parties were in no way indebted to said firm, they having equal partnership assets, and entitled to share equally in the partnership assets, and that all investments made by the said firm should be divided equally, the same having been made out of the profits of the said business.

"3. Because his Honor erred in finding and holding that the receipt, marked Exhibit 'C,' is not in the handwriting

of Mrs. L. M. Smoak; whereas, he should have held that the same was signed by her and delivered to the defendant on account of her share in the partnership of Mrs. L. M. Smoak & Co., purchased by him, as shown by the overbearing weight of the testimony.

"4. Because his Honor erred in finding and holding that the defendant only contributed, to the said partnership of Mr. and Mrs. D. S. Wilson, the sum of $700, and that the plaintiff contributed the sum of $4,232.66, being the balance of the said partnership assets, and that the said partners share in the assets of said partnership, or in the proceeds arising from the sale thereof, and now in the hands of the receiver, is in proportion to the amounts contributed by each, respectively, to the capital of the said partnership; whereas, he should have held, from the overwhelming weight of the testimony, that the contract of partnership was as alleged by the defendant in his answer, and that the parties had an equal interest in the assets, real and personal, of said partnership business, they having contributed equally thereto, and that the said assets, or the proceeds arising from a sale thereof, should be equally divided among them.

"5. Because his Honor erred in finding and holding against the overbearing weight of the evidence as matter of fact, that there should be a dissolution of the said partnership; that the members of the said partnership of Mr. and Mrs. D. S. Wilson did not contribute to the capital stock in equal proportions; that the interests of each in the partnership assets, or proceeds, were only in proportion to the amounts contributed by each; that Exhibit 'C' was not signed by Mrs. L. M. Smoak, and if she did so it was under a very serious misapprehension of its purport; that the defendant did not pay Mrs. L. M. Smoak the money; that the defendant did not have any business transaction with her in relation to the purchase of her interest in the partnership of Mrs. L. M. Smoak & Co.; that each became a creditor of the said partnership business of Mr. and Mrs. D. S. Wilson, to the extent of the amount put therein; that each drew money out

of the firm, on individual account, and each became a debtor to the firm to the extent of the amount withdrawn; that the plaintiff from her individual means put in the firm business the additional sum of $1,465.10, from rents and collections from book accounts of the old firm of Mrs. L. M. Smoak & Co., and that the defendant put in from his individual means only the additional sum of $400, from the Patrick note, and Wilson collections; that the real estate sold by the receiver was not partnership assets, as contended by defendant, and that the real property was purchased with funds belonging to the firm, and was to have been treated and considered as partnership property; whereas, such findings of fact were against the overbearing weight of the testimony, and each and every of said findings and holdings should have been just to the contrary.

"6. Because his Honor erred in adjudging, 'That the real property was partnership property, and that the proceeds arising from a sale thereof constituted partnership assets of the partnership existing between the plaintiff and the defendant, and must be distributed in like manner as other partnership assets of that partnership;' whereas, from the finding and holding of the facts from the overwhelming weight of the testimony, he should have concluded and adjudged just to the contrary.

"7. Because his Honor erred in finding and holding that the proceeds from the sales by the receiver, arising from the real and personal property, should be distributed by said receiver, after the payment of the costs and expenses of said action, in proportion to the capital, as found by the Circuit Judge, in his said decree, and not as contended for by the defendant in his answer. All the facts and circumstances in evidence tending to show that the plaintiff and defendant were equal copartners in the business conducted by the said firm of Mr. and Mrs. D. S. Wilson, and that they were entitled to share equally in the partnership assets, or in the proceeds of said sales by the receiver.

"8. Because his Honor erred in not finding and holding that the title to the real property, purchased, was conveyed to the plaintiff and the defendant, as tenants in common, as shown by the deed of conveyance in evidence; that the said property was never entered on the books of the said firm as partnership property, and never, at any time, became such property, and that in the division thereof, or in the proceeds arising from the sales, each of the parties are entitled to an equal share therein, the same having been purchased out of the profits of said business, and conveyed to the parties, as shown by the deed of conveyance, as tenants in common; whereas, such was the highest and best evidence, and the finding and the adjudging otherwise from the testimony and ignoring the deed of conveyance, was against the weight of the testimony and clearly erroneous.

"9. Because his Honor erred in finding and holding that the parties withdrew from the capital of said partnership business certain amounts, and that the purchase of the G. W. Wilson bond and mortgage, was alone with the funds of the defendant, and reduced his share in the capital stock of said partnership.

"10. Because his Honor erred in adjudging as follows: 'That the said real property was partnership property, and that the proceeds arising from the sale thereof constituted partnership assets of the partnership existing between the plaintiff and the defendant and must be distributed in like manner as other partnership assets of that partnership. That the partnership heretofore existing between the plaintiff and the defendant be, and hereby is, dissolved. That the plaintiff do pay to Adam H. Moss, Esq., as receiver, the sum of $11.54, and that the defendant do pay into the hands of the said receiver the sum of $142.59, the said sums of money to be paid to the said Adam H. Moss, Esq., as receiver, within ten days from the written notice of the filing of this judgment and decree, and the said Adam H. Moss, Esq., as receiver, is hereby authorized, empowered and directed to institute such proceedings for the collection of the said several

sums of money from the respective parties, as he may be advised, by suit or otherwise. That Adam H. Moss, Esq., as receiver, out of the funds now in his hands and which may be hereafter collected by him, after the payment of the costs and expenses of this action, the payment of his commissions, and any taxes which may be due, do pay to the plaintiff and the defendant, each of them, respectively, or to her or his attorneys, such an amount of money out of the funds remaining in his hands as is in proportion to the amount of money contributed by each of them to the partnership assets, as hereinafter found and determined. That Adam H. Moss, Esq., as receiver, have leave to apply to the Court or at chambers for such further order or orders as he may be advised.'"

A close and careful examination of the questions raised by the appeal have been fully discussed in the decree of Judge Dantzler.

We adopt that decree because any further discussion would be only an elaboration of the views therein expressed.

The judgment of this Court is, that the judgment of the Circuit Court be and is hereby affirmed.