6874

## WHILDEN v. CHAPMAN.

1. JURISDICTION—CHAMBERS.—A judge holding court in a circuit in which one copartner resides, in which circuit action has been brought by a creditor against the copartnership in another circuit, and the copartner, asking for appointment of receiver, has jurisdiction at chambers to grant order appointing receiver.

2. IBID.—RECEIVER.—A judge before whom motion papers for appointment of a receiver were read and argument heard, and who requested further written arguments, but who was informed before leaving the circuit a consent order had been agreed on, which was never completed or presented to him, loses jurisdiction of the motion by leaving the circuit, and succeeding judge is free to hear same.

3. ESTOPPEL.—One volunarily intervening by petition, asking leave to show cause why an injunction should not be granted and a receiver appointed will not afterwards be heard to say the court erred in allowing and requiring him to appear and show why the relief he opposed should not be granted.

4. RECEIVER.—A creditor for a copartnership can not maintain an action for appointing a receiver for copartnership assets until he has exhausted his remedies at law, except where assignment acts apply.

5. IBID.—The court will appoint a receiver for copartnership assets upon showing by a partner defendant of waste, mismanagement and collusion between his copartner and his mother against the copartnership, on a complaint by a creditor which does not state facts sufficient to warrant such appointment, but which gives the court jurisdiction of the subject matter.

Before GARY, J., Charleston, June, 1907.    Affirmed.

Action by H. B. Whilden against Jos. P. Chapman and W. F. Murphy as copartners under name of Chapman-Murphy Company.

From circuit order appointing receiver and continuing injunction, defendants, W. F. Murphy and S. V. Murphy. Appeal.

*Mr. J. G. Hughes* for W. F. Murphy, *Messrs. Wallace & Barron* for S. V. Murphy, cite: *Pendency of undetermined*

*motion is bar to subsequent motion for same relief:* 14
Ency. P. & P., 190; Rule 61, C. C. *Receiver should not be
appointed in advance of showing of insolvency:* 53 S. C.,
442; 27 S. C., 416; 18 S. C., 529; 1 S. C., 96; 33 S. C.,
495, 538; Code of Proc., 265; 23 Ency., 1037-9; 17 Ency.
P. & P., 724-8. *Judgment of appellant can not be at-
tacked collaterally:* 45 S. C., 597; 46 S. C., 474; 49 S. C.,
136; 56 S. C., 1; 51 S. C., 333. *Perpetual injunction can
not be granted except on hearing on merits:* 54 S .C., 473;
67 S. C., 93; 60 S. C., 568; 62 S. C., 221; 51 S. C., 435.

*Mr. F. K. Myers,* for plaintiff, contra, cites: *Receiver
properly appointed:* 8 Ency., 33; 38 S. E., 583; 29 S. C.,
491; 30 S. C., 192; 27 S. C., 408; 30 S. E., 216, 972; 27
S. E., 829.

*Mr. M. Rutledge Rivers,* for defendant Chapman, cites:
*On same point:* High on Rec., 322-31.

April 18, 1908.   The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.  The facts in this case are thus
stated in the decree of the Circuit Judge, Hon. Ernest
Gary, : "This matter comes before me on a motion for the
appointment of a receiver, and a counter motion for the
setting aside of a temporary injunction issued by Hon. R.
C. Watts, Circuit Judge, on the 23d day of March, 1907.

"It appears from the pleadings that upon the filing of the
complaint a rule was issued, returnable before Judge Aldrich,
at Charleston, on the      day of June, 1906. Counsel for
the defendant, W F. Murphy, filed his return to said rule,
and a petition for intervention and a return was also filed
by Mrs. Sarah V. Murphy, as well as the answer of the
defendant, Joseph P. Chapman.   The answer of the de-
fendant Chapman admits the allegations of the complaint
and joins in the prayer thereof.   The intervention and

return of Mrs. S. V. Murphy alleges that she is the largest creditor of the partnership concern, and is also the owner of the interest therein of W. F. Murphy, by reason of the breach of the conditions of a certain chattel mortgage. She alleges, as does the defendant, W. F. Murphy, that the said partnership is not insolvent, and that there are no suits at law pending or threatened.

"The papers were read before Judge Aldrich, and counsel were asked to file written arguments for the consideration of the Court. Thereafter, and before the filing of arguments, counsel agreed upon the terms of an order, to be signed by Judge Aldrich, and after some delay consent thereto was withheld by counsel for W. F. Murphy and Mrs. S. V. Murphy, who refused to confirm said agreement.

"No written arguments were submitted to Judge Aldrich, who had in the meantime left the Circuit, and the subsequent proceedings show that all parties in interest considered the hearing of the return before Judge Aldrich abandoned.

"Thereafter, on the September term, 1906, of the Court of Common Pleas for Union County, Mrs. S. V. Murphy, by her counsel of record herein, secured an uncontested judgment against the partnership of Chapman-Murphy Company for the full amount of her alleged claim, of which said proceeding Joseph P. Chapman, one of the co-partners of the defendant company, was not advised, and, therefore, had no opportunity to require strict proof.

"Being advised of the judgment obtained by Mrs. Murphy, plaintiff's counsel obtained from Judge Watts, presiding in the Ninth Circuit, on the 23d day of March, 1907, a rule to show cause and a restraining order, particularly enjoining Mrs. Murphy from proceeding under her judgment against the partnership assets. Judge Watts left the Circuit before the time set for the return to the rule and no hearing was had thereon. Subsequently motions were noticed before me at Beaufort, on 22d day of May, 1907, which said motions, by agreement of counsel, were heard

before me at chambers in the city of Charleston, on 4th day of June, 1907, all of the parties being represented by counsel."

The only important fact necessary to add is that the answer of Joseph P. Chapman, one of the members of the defendant copartnership, Murphy-Chapman Company, alleges waste and mismanagement by the other partner, Murphy, who was in charge of the business, to such extent that the business has entirely ceased; and he further alleges in an affidavit the failure of Murphy to make any response to frequent demands for a statement of the condition of the firm affairs, and collusion between Murphy and his mother, by which she has obtained a large judgment against the partnership without notice to him.

The Circuit Judge held he had jurisdiction to hear the matter at chambers in the Ninth Circuit, ordered that Mrs. Murphy be made a party in accordance with the prayer of her petition, appointed a receiver of the partnership, and enjoined Mrs. Murphy and other creditors from taking any steps to collect their claims except in this cause. W. F. Murphy, and Mrs. S. V. Murphy, his mother, appeal. The grounds of appeal will be considered without setting out the exceptions in detail.

There can be no doubt of the jurisdiction of Judge Gary to grant the order at chambers in the Ninth Circuit. The action had been brought in Charleston County where it appears Chapman, one of the defendants, resided. Judge Aldrich, while presiding in the Ninth Circuit, had issued an order requiring the defendants to show cause why a receiver should not be appointed, and in the meantime enjoined the disposition of any of the firm's assets, except in the usual course of business. As to the subsequent proceedings before Judge Aldrich the record contains this statement: "In pursuance of said order of his Honor, Judge Aldrich, a hearing thereon and the issues raised on said complaint was had before him in Charleston, on the 14th day of June, 1906. After reading

the pleadings and argument of counsel, Judge Aldrich asked that further argument and authorities be submitted to him in writing by counsel for plaintiff and defendants; and no order was passed as to the petition for intervention by Mrs. S. V. Murphy, nor any order whatever. Thereafter, attorneys for plaintiff and defendants, in private consultation, agreed that the case should be closed by a consent order. In accordance with such agreement, an order was submitted by plaintiff's attorneys to defendants' attorneys, but consent thereto was withheld. This understanding, as to such proposed order, was communicated to Judge Aldrich, who left the Circuit while the same was pending. But the communication of such information to Judge Aldrich was without the knowledge, consent or authority of defendants or their attorneys."

It seems manifest from this that both parties regarded the hearing unfinished when Judge Aldrich left the Circuit, and thus lost jurisdiction to hear the motion. Therefore, when Judge Watts granted a rule to show cause and a temporary restraining order on 23d March, 1907, Judge Aldrich had lost jurisdiction and the matter, except as to his restraining order, stood for hearing just as if he had never entertained it.

The appeal can not be sustained on the ground that the Circuit Judge undertook to grant at chambers a permanent injunction, decisive of the case. The injunction must be regarded, as it was no doubt intended, not permanent but a temporary injunction pending the hearing of the cause on the merits.

By her petition for intervention, Mrs. Murphy, claiming to be a creditor of the copartnership, asked the Court to be allowed to show cause why the injunction should not be granted and a receiver appointed. And further asked that her petition for intervention be taken as her return to the rule to show cause. She can not successfully maintain the position now taken that Judge Watts and Judge Gary erred when they granted the prayer of her peti-

tion, and allowed and required her to appear and show cause why the relief she opposed should not be granted. She voluntarily appeared and must be held bound by the decree to the same extent as the other parties.

We think the appellants are right in the position that a creditor of a copartnership in order to maintain an action for the appointment of a receiver of partnership assets must show he has no adequate remedy at law, that is, that he can not enforce payment of his debt by judgment and execution. It is, therefore, necessary for him to allege and prove not only the insolvency of the partnership as such, but the insolvency of the copartners as individuals. Indeed, it may well be doubted whether creditors, who have no liens and have not obtained a return of *nulla bona* on their executions, are entitled to the appointment of a receiver of partnership assets even on proof of insolvency of the partnership, and the individuals composing it, except where the assignment act applies. In *Pelzer* v. *Hughes,* 27 S. C., 416, 408, 3 S. E., 781, the Court says: "This is a suit in equity, and the appointment of a receiver appertains exclusively to that jurisdiction. When the receiver was appointed, the plaintiffs had not obtained judgments on their demands, and of course had not exhausted their legal remedies against the debtor, Hughes, and therefore, the Judge had no jurisdiction to appoint a receiver, unless there was something in the case which made it exceptional. 'Creditors who have neither lien nor title, and have not recovered judgments, are not entitled to an injunction and receiver in a suit to set aside an assignment or pretended sale by the debtor of his assets.' *Johnson* v. *Farnum,* 56 Ga., 144; 5 Wait Act & Def., 376. But the complaint prayed among other things special relief under chapter 72 of the General Statutes, which authorize creditors under certain circumstances, to attack and set aside as 'void' a voluntary assignment, giving preference to some creditors, 'without first obtaining and entering up judgment against said debtor,' etc.; and so far as concerns a violation of that special act, the cir-

cuit judge undoubtedly had jurisdiction to consider the subject of appointing a receiver. See section 2016, General Statutes. Limiting, then, the inquiry to relief under the assignment act, were the plaintiffs entitled to the appointment of a receiver to take the property and choses out of the possession and control of the defendants?"

The complaint of the creditors in this case does not allege the insolvency of the members of the firm, and for that reason, if no other, the injunction and the appointment of a receiver could not be sustained on the complaint alone.

It remains to consider whether the injunction and the order appointing a receiver can be sustained on the answer of Chapman. The complaint was not demurrable for failure to state any cause of action, because, under the allegations, the plaintiff was entitled to judgment against the partnership and the individual members for the amount of his debt. One of the partners being a resident of Charleston County, the Court of Common Pleas for that County had jurisdiction. Chapman being thus before the Court, has answered and alleged waste, mismanagement, and refusal to furnish a statement of the partnership on the part of Murphy; and by affidavit filed in the cause, he alleges collusion between Murphy and his mother in a suit by her against the copartnership, by means of which she recovered judgment by default against the partnership for twelve hundred dollars. He thus states a case falling strictly under the following provision of the Code of Procedure: "A receiver may be appointed by the Judge of the Circuit Court, either in or out of court: 1. Before judgment on the application of either party, when he establishes an apparent right to property which is the subject of the action, and which is in the possession of the adverse party, and the property or its rents and profits are in danger of being lost, or materially injured or impaired except in cases where judgment upon failure to answer may be had without application to the Court." *Allen* v. *Cooley,* 53 S. C., 414, 39 S. E., 634.

The Court having jurisdiction of the subject matter, and having before it all parties interested, will not dismiss the action until it has adjudged the equities that any party plaintiff or defendant has against any other. Though the plaintiff be not entitled to the injunction and the appointment of a receiver, yet the Court will sustain the injunction and the appointment of a receiver in behalf of the co-partner, Chapman, if the misconduct of waste and mismanagement and of collusion between Murphy and his mother *prima facie* appear. The Court in that case should not do the idle thing of turning the parties out of court and requiring Chapman to bring a separate action. We think a *prima facie* case of waste, mismanagement and collusion, and probably loss to Chapman, has been made out. The defendant Murphy admits the machinery of the firm has not been in operation for some time for the lack of timber, the necessary raw material; that he and Chapman are antagonistic; and that, though dealing with his partner at arms' length, he allowed his own mother to obtain a judgment by default against the firm for twelve hundred dollars by service of summons on himself alone, and that he gave Chapman no notice of the pendency of her suit. These admitted facts, we think, made out a *prima facie* case, entitling Chapman to a temporary injunction and the appointment of a receiver.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.