### 8834

#### LYLES v. WILLIAMS.

##### (81 S. E. 659.)

###### RECEIVERS. APPOINTMENT.

Where defendant diverted collections made upon securities belonging jointly to himself and plaintiff and assigned as collateral, plaintiff's right to have a receiver appointed is not lost because defendant subsequently paid the debt from funds collected from other sources, for a diversion of trust property cannot be sanctioned although it is expected that other funds will supply its place.

Before PRINCE, J., Columbia, February, 1914. Reversed.

Action for a receivership to wind up a copartnership, brought by Wm. H. Lyles against T. C. Williams. From an order denying the appointment of a receiver, plaintiff appeals.

*Mr. D. W. Robinson,* for appellant, cites: *Right to appointment of receiver res judicata:* 92 S. C. 360; 65 S. C. 418. *Termination of partnership:* 168 U. S. 334; 21 Md. 30; 2 Paige Ch. 310; 90 S. C. 95. *Receivership in such matters a matter of course:* Collyer Partnership, sec. 375, pp. 583-4; Parson on Partnership, pp. 316-17; 2 Lindley Partnership, pp. 542-3; 72 Am. St. Rep. 81, note; 63 Am. Dec. 208-9; Beach Receivers, pp. 618-19; Kerr

26—97

Receivers, pp. 85-7; 71 Md. 82; 60 Pac. 155; 2 Md. Chan. 157; 21 Md. 30; 84 Pac. 871; 92 S. W. 266; 129 N. W. 842; 78 S. E. 902; 65 N. C. 162; 86 Ga. 162. *South Carolina law in such matters:* Code Civil Proc. 1912, sec. 303, s. d. 1; 80 S. C. 90-1; 89 S. C. 463; 53 S. C. 443; 83 S. C. 307-8. *Unnecessary to show insolvency:* 53 S. C. 443; 78 S. E. 902; 129 N. W. 842; 60 Pac. 155. *Answer not full:* 72 Am. St. Rep. 28.

*Messrs. Elliott & Herbert* and *E. L. Craig,* for respondent.

April 28, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is the second appeal. In the first appeal this Court remanded the case to the Circuit Court for Richland county, for the appointment of a receiver. 96 S. C. 290, 80 S. E. 470. The respondent claims that the judgment of this Court was based upon the facts as they then appeared; that they omitted important facts; and that respondent had the right to supply the omission in the Circuit Court and, having done so, the Circuit Court had the right to act upon the amended showing. The Circuit Court held that the respondent had made a sufficient showing, had supplied the omission, and again refused to appoint a receiver. The former judgment of this Court contained the following after citing an authority: "This case is not applicable here. This is not the property of a debtor as such, but the joint property of the plaintiff and defendant. The great power to dispose of the property without plaintiff's consent and the fact that the defendant has collected on assigned assets and applied the fund to other than the debt for which the assignment was made make a very different case. The judgment of this Court is that the order appealed from is reversed, the temporary restraining order revived, and leave is given to the plaintiff

to apply to any Circuit Judge having jurisdiction, for an order appointing a receiver."

The only matter that need be considered in the subsequent showing is that the respondent subsequently collected from other sources and paid on the debt, for which the securities were assigned as collateral, the amount of the collections. That which was alleged and not denied on the former appeal is now admitted. The Courts should not sanction the diversion of trust funds to other purposes with the hope or expectation, however well founded, that future collections will be made to supply its place. There was no material change in the showing. It was error not to have appointed a receiver, and the order refusing to appoint a receiver is reversed except as to the injunction, and the case is remanded to the Circuit Court for the appointment of a receiver and such further proceedings as may be necessary.