17114

ELMO C. WRENN, Appellant, v. GEORGE M. WRENN and A. EARL WRENN, Respondents

(91 S. E. (2d) 267)

*Messrs. Charles W. McTeer,* and *Hemphill & Hemphill,* of Chester, *for Appellant,*

*Messrs. Roddey & Sumwalt,* of Rock Hill, *for Respondents,*

February 2, 1956.

STUKES, Justice.

Wrenn Brothers, a partnership at will, was composed of the appellant and the respondents, all of whom are brothers. The partnership agreement rested in parol and there was no provision for dissolution. The business grew in about ten years from a very small beginning into a relatively large plumbing and heating contracting business with contracts in several states which aggregated millions of dollars. Appellant and respondent, A. Earl Wrenn, were active as superintendents of construction while respondent, George M. Wrenn, was and is the office manager and he prepared and submitted bids on contracts.

Dissatisfaction of appellant resulted in the commencement of this action on July 15, 1955, which is for dissolution of the partnership and appointment of a receiver to wind up its affairs. By the time of the last hearing in the lower court appellant and respondents were not on speaking terms. Testimony was taken by the court on August 31 and October 15, 1955, after which an order was entered on November 11, 1955, whereby the partnership was dissolved, quoting from the order, "as expeditiously as possible upon the winding up and the completion of all contracts incurred by the partners prior to August 31, 1955 and upon the termination by payment or otherwise of all liabilities and contingent liabilities." It was further ordered that during the period of dissolution respondent, George M. Wrenn, should manage the affairs of the partnership, quoting again from the order, "without the interference of (or?) hindrance of the plaintiff (appellant);" and that semi-monthly statements of receipts and disbursements should be furnished to each of the partners, with provision for compensation of them for their services and expenses. The order contained further provisions looking to liquidation of the partnership. The appointment of a receiver and order for the sale of assets were denied.

The exceptions impute error for failure of the court to appoint a receiver to wind up the affairs of the partnership and to order the immediate sale of the assets of the partnership which are not necessary to the winding up of its business.

The testimony of the respondent, A. Earl Wrenn, discloses that he had some time before sold his interest in the partnership to the respondent, George M. Wrenn, and that the two of them had formed a corporation of which they are the sole stockholders and that the corporation is using the airplane and other equipment of the partnership in new business of the same nature. To that extent it has succeeded to the partnership and the latter has not recently entered into new construction contracts. The corporation

has likewise taken over certain of the former employees of the partnership for all or part time, for which and for the use of the equipment of the partnership respondents are prorating the costs and expenses between the partnership and their corporation. Serious conflict of the interests of George M. Wrenn inevitably results. It is a unique situation and presents more than the usual problems which are attendant upon the dissolution of a partnership.

The effect of the order under appeal was to constitute the respondent, partner George M. Wrenn, receiver without bond, to liquidate the partnership, and to exclude from participation therein the appellant, who had an equal interest in the partnership until the acquisition by George M. Wrenn of the interest of A. Earl Wrenn, and appellant still owns one-third of the partnership assets. The inequity of the result under the facts stated is manifest and requires reversal. The court erred in the exercise of its discretion. A competent, disinterested and impartial person, or persons, should be appointed receiver, or receivers, to liquidate and distribute the partnership assets under the supervision of the court. Refusal of order of sale is affirmed. It should follow recommendation of the receiver or receivers, on which both of the remaining former partners are given opportunity to be heard, to the end that the claims of creditors and the interests of the partners will be protected. The partnership is dissolved by the unappealed provision of the order under review, and it will do business hereafter only to the extent necessary to complete its outstanding contracts and liquidate.

In the order under appeal and in the briefs there is no reference to the Uniform Partnership Act, Sec. 52-1 *et seq.* of the Code of 1952, of which Art. 6, Sec. 52-61 *et seq.,* relate to "Dissolution or Winding Up." The act does not expressly mention receivership in dissolution but does refer to "dissolution by decree of court", Sec. 52-64, and Sec. 52-72 provides that any partner, quoting again, "upon cause shown, may obtain a winding up by the court." In

an article on the Act in 3 S. C. Law Quarterly 471, June 1951, Professor Coleman Karesh refers to the appointment of a receiver in litigation between partners as not uncommon in this state, and says: "Although receivership is a drastic course, allowed only under pressing circumstances and granted only with reluctance and caution, the degree of peril that must be present in the usual case * * * is not so great in controversies between partners. The feature of joint ownership in the partnership relation throws the remedy of receivership into a special class. * * * In most of the South Carolina cases the application for the receiver's appointment has been in connection with an action for dissolution and accounting. In some of them appears—at least from the report of the cases—nothing more than a statement that dissolution is sought because of irreconcilable differences or disputes between the partners; or nothing may appear as to the reason it is sought. In all of them, however, it is apparent that the Court proceeded upon the assumption that a partner's interest should not, over his protest, be placed in jeopardy by the use or control of the firm property by the other partner. The case for the appointment is all the more readily made out in actions for dissolution where a partner is missusing, wasting, mismanaging or misappropriating firm property; these are situations of great danger which certainly compel the Court to action." The author cites 4 Pomeroy Eq. Jur., 4th Ed., secs. 1333, 1498, to the effect that neither party (partner) should be allowed to have sole control against the wishes of the other.

In the following cases involving the dissolution of partnerships receivers were appointed by the court without question of the propriety, which, therefore, may be inferred: *Jones & Parker v. Webb*, 8 S. C. 202; *Metz v. Commercial Bank*, 45 S. C. 216, 23 S. E. 13; *Wilson v. Wilson*, 74 S. C. 30, 54 S. E. 227, and *Kennedy v. Hill*, 89 S. C. 462, 71 S. E. 974.

The old case of *Ellis v. Commander,* 1847, 1 Strob. Eq. 188, involved the issuance of injunction against a partner to prevent him from disposing of partnership property, which consisted of slaves; and the court said: "A partner will frequently be restrained from intermeddling with the partnership effects * * * and if there be a necessity for it, a receiver will be appointed. * * * The principle on which the court acts is, to wind up the business of the partnership, adjust the accounts, and divide the profits." The decree in the earlier case of *Higginson v. Air,* 1795, 1 Desaus. 427, contained the following: "If the surviving copartner wastes the funds (of the partnership) this court would, on a proper application, protect the estate of his deceased copartner, by obliging him to give security, or will appoint a receiver."

In *Lyles v. Williams,* 96 S. C. 290, 80 S. E. 470; *Id.,* 97 S. C. 373, 81 S. E. 659, judgment refusing the appointment of a receiver of partnership property, upon motion of one of the partners, was reversed, as here. *Allen v. Cooley,* 53 S. C. 414, 31 S. E. 634, subsequent appeal 60 S. C. 353, 38 S. E. 622, affirmed the contested appointment of a receiver of the property of a former partnership which was dissolved. Similarly the appointment of a receiver of partnership property was affirmed in *Whilden v. Chapman,* 80 S. C. 84, 61 S. E. 249.

There is a pertinent annotation in 23 A. L. R. (2d) 583. No general rule as to when a receiver will be appointed in partnership dissolution can be extracted from the decided cases except that it is discretionary with the court and the facts of the particular case at hand ought to govern. The editor concludes at page 587, as follows: "In a few jurisdictions such an appointment was formerly regarded as a matter of course, but a perusal of many cases leads to the conclusion that the trend has been toward a reticence on the part of the courts to appoint a receiver unless the particular circumstances render it advisable."

Our Code of 1952, Sec. 10-2301 *et seq.,* authorizes the appointment of receivers and contains statutory requirements to which this case is subject, including notice of application, Sec. 10-2302.

The judgment of the Circuit Court is modified to the extent indicated; and the case is remanded for the appointment of receiver, or receivers, by the court after notice to respondents, and for further proceedings consistent herewith.

TAYLOR, OXNER and LEGGE, JJ., concur.

JOSEPH R. MOSS, Acting Associate Justice, disqualified.