STECKROTH v. FERGUSON.

1. PARTNERSHIP—AUTHORITY—PRESTIGE.

There must be equality of authority and prestige in a partnership, except as merit promotes, and one partner cannot continually minimize the other and bring him into disrepute or contempt.

2. Same—Cause for Dissolution—Evidence.

In suit for dissolution of a partnership, evidence that defendant's attitude in persistently endeavoring to become the dominating figure of the partnership, deprecated plaintiff to employees and customers and humiliated him *held*, sufficient to justify dissolution under 2 Comp. Laws 1929, § 9872, subd. (1 [c, d, f]).

3. Same—Purchase of One Partner's Interest—Contracts.

Provisions of partnership agreement for purchase of interest of partner by surviving or remaining partner *held*, to refer to situation where one partner voluntarily or involuntarily has ceased to be a participant in the firm business and not to permit one by his misconduct to make the other dissatisfied, practically force him to sell out and let the guilty partner thereby obtain the benefit of the good will of the business.

4. Same—Contracts—Statutes.

Upon affirmance of decree of dissolution of partnership where it is established that dissolution is to be had under provisions of statute rather than those of partnership agreement pertaining to dissolution, case is remanded to circuit court for further proceedings upon dissolution to be had in accordance with rules of law and without reference to such provisions of partnership agreement.

5. Costs—Partnership.

No costs are allowed either party in suit for dissolution of partnership where neither party wholly prevails on appeal.

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 10, 1937. (Docket No. 72, Calendar No. 39,570.) Decided September 1, 1937.

Bill by Herman Steckroth against Lynn Ferguson for dissolution of a partnership and other relief. Cross-bill by defendant against plaintiff for an accounting and other relief. Decree for plaintiff. Defendant appeals. Affirmed in part and reversed in part and remanded.

*Williams, Stiles & Tubbs,* for plaintiff.

*Butterfield, Keeney & Amberg* and *Harry Shulsky,* for defendant.

FEAD, C. J.   This is a bill to dissolve the partnership of "Steckroth & Ferguson Automotive Machinists," which was established in 1933, with capital of $2,700, and has present assets of about $8,500.   The partnership contract provides for its continuance for 10 years, but with right of either partner to terminate it at the end of 5 years.   It further reads:

"19.   In the event of dissolution on account of death or other reasons, the surviving or remaining partner shall have the right to buy up the interest of the other partner at its book value in the last annual statement, plus 50 per cent. of the profits made after such last annual statement."

In October, 1935, because "certain difficulties have arisen between the parties," they executed a supplemental agreement which prohibited the partners from drinking intoxicating liquor during continuance of the partnership, provided for annual vacations, and further reads:

"(3)   If either party shall be dissatisfied with the conduct or method of doing business of the other, he may notify the other partner in writing that he is dissatisfied and thereupon the remaining partner shall have an opportunity to purchase the interest, of the partner who is dissatisfied for a period of 30 days, for cash, at the book value of the interest of such partner.   If during such 30 days such partner does not exercise the option, then the partner giving the notice shall have the option to purchase the interest of the other partner at its book value within the succeeding 30 days for cash.   If neither of the options are exercised within such 60 days, then it is

agreed that the partnership shall be dissolved on the application of either party to the court.''

Plaintiff contends that the partnership should be dissolved for misconduct of defendant and that he, plaintiff, is entitled to purchase under section 19 of the original agreement. The court so decreed.

Defendant denies that he gave cause for dissolution of the partnership and filed a cross-bill upon the theory that the commencement of the suit by plaintiff was a notice of dissatisfaction under section 3 of the supplemental agreement, which entitles defendant to purchase the business thereunder, and he prays decree accordingly.

It is not necessary to enter into a detailed statement of the quarrel between the partners. Most of the acts complained of are individually trivial. However, the court found, and we agree, that the record is persuasive that the breach between the partners was due primarily to a persistent attitude by the defendant to become the dominating figure of the firm, to deprecate plaintiff to the employees and customers, and to humiliate him. Whether the disharmony was due to a difference in dispositions or to other causes, the effect is the same. Defendant countermanded plaintiff's orders to employees, reprimanded employees for obeying them, interrupted conversations between plaintiff and customers, neglected to account for items of service on his own cars, failed to talk over important matters with plaintiff, spied upon plaintiff, deliberately ignored him at times and spoke of him in foul language to the employees. His purpose seemed to be to demonstrate his pre-eminence in the firm.

The culmination of the difficulty came in the fall of 1936. Plaintiff sustained an injury which kept him in the hospital for three weeks and out of work

nearly four months. Compensation checks for plaintiff were sent to the firm's office and, instead of giving them to plaintiff, defendant directed an employee to keep them in a safe; and when plaintiff obtained possession of them, defendant was surly and disagreeable about it. On plaintiff's return to work, and although he knew that plaintiff was anxious to discuss business matters with him, defendant talked for an hour about inconsequential things with an insurance agent and wholly ignored plaintiff.

Defendant points to the fact that in large matters the partners cooperated. Thus in June, 1936, each took life insurance of $8,000 with the other as beneficiary, the premiums to be paid from the business. As to the small matters the defense is principally a minimizing of individual items and rather implausible excuses for others.

It is not alone large affairs which cause trouble. The continuance of disagreeable and annoying petty treatment of one partner by another usually is more serious in its disruptive character than would be larger differences which would be talked over and settled. There must be equality of authority and prestige in a partnership, except as merit promotes. One partner cannot continually minimize the other and bring him into disrepute or contempt without destroying the basic status upon which a successful partnership rests.

We agree with the court that the plaintiff has made out a cause for dissolution of the partnership under 2 Comp. Laws 1929, § 9872:

"(1)    On application by or for a partner the court shall decree a dissolution whenever: * * *

"(c)    A partner has been guilty of such conduct as tends to affect prejudicially the carrying on of the business,

"(d)    A partner wilfully or persistently commits a breach of the partnership agreement, or otherwise so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with him,
\* \*  \*

"(f)    Other circumstances render a dissolution equitable."

We are unable to find that the partnership articles provide for purchase by either partner of the interest of the other in case of dissolution for misconduct under the circumstances here. Section 19 provides for purchase by the "surviving or remaining partner." Obviously this refers to a situation where one partner voluntarily or involuntarily has ceased to be a participant in the firm business as contemplated in the agreement. This is not the case at bar because both partners continued active until after this suit was begun and a different arrangement was made without prejudice to their rights. Section 3 is in terms permissive, not mandatory. It would be a wholly unreasonable construction to hold that the partners intended to permit one by his misconduct to make the other dissatisfied, practically force him to sell out and the guilty partner thereby obtain the benefit of the good will of the business.

The decree will be affirmed as to dissolution of the partnership but is reversed as to that part of it which operates to transfer defendant's interest in the firm and its property to plaintiff and the provisions relevant thereto. The cause will be remanded to circuit court for further proceedings upon dissolution, to be had in accordance with the rules of law, without reference to the above quoted partnership provisions. Neither party will have costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.