[No. 31194. *En Banc.* January 12, 1951.]

PETER COMINOS, *Respondent,* v. LOUIS KALKANES *et al., Appellants.*[1]

*Christ D. Lillions* and *D. Van Fredenberg,* for appellants.

*Elliott & Lee,* for respondent.

GRADY, J.—This appeal involves a controversy between partners who had owned and operated a tavern, lunchroom, cardroom and cigar business under the name of Spring Mill Tavern. The action brought did not seek a dissolution of the partnership and an accounting and winding up of its affairs, but was based upon a contract between the partners

[1]Reported in 226 P. (2d) 863.

providing that, upon the happening of certain contingencies, respondent might sell, exchange or otherwise dispose of the business, and, after paying the cost of disposition and the partnership debts, divide the proceeds of the sale equally between the partners.

The complaint alleged that events justifying a sale of the business had transpired, but this was being prevented by appellants in that they had unlawfully taken possession of the premises and were disposing of the assets. The respondent secured a restraining order enjoining appellants from remaining in possession of the premises and from interfering with him in the management and control of the business. After a hearing, an injunction pending suit was issued. The appellants demurred to the complaint and filed an answer and counterclaim. Upon the conclusion of the trial, the court decided that respondent had become owner of the business by reason of his purchase thereof at a sale made according to the terms of the contract, and permanently enjoined appellants from entering the Spring Mill Tavern for the purpose of carrying on or conducting the business, or interfering in any manner with its conduct by respondent.

In taking their appeal, the appellants have used the short record method as provided by Rule of Supreme Court 34 (3), 34A Wn. (2d) 36, by filing in the superior court their proposed statement of facts and a statement of the following points upon which they would rely:

"1. The trial court erred in over-ruling the demurrer of defendants [appellants] made at the commencement of the trial of the cause to which appellants properly excepted at the time.

"2. The trial court erred in admitting testimony of A. F. Talbott, witness called on behalf of the plaintiff [respondent], over the objection of defendants, appellants herein.

"3. The trial court erred in denying defendants' motion made at the close of plaintiff's evidence on the ground that the said evidence failed to show facts constituting a cause of action. . . ."

The respondent did not make any claim that the proposed statement of facts was not sufficient for a determination of the specific points relied on. In due course of time, the statement of facts was certified.

 The respondent has moved to strike the statement of facts upon the ground that it is not sufficient for a review of the statement of points. The statement of facts contains the evidence submitted by respondent in his case in chief. The complaint is a part of the record on appeal. The testimony of the witness referred to in the statement of points, admitted over the objection of appellants, was a part of respondent's case in chief. The record, including the statement of facts now before us, is sufficient for a review of the questions raised by the statement of points. The motion is denied.

The questions raised by the demurrer and the motion to dismiss the action at the close of respondent's evidence can be considered together. Louis Kalkanes will be regarded as though he were the only appellant.

The respondent acquired the partnership interest of one who was a partner of appellant. A written partnership agreement was made in which it was agreed that respondent should have the complete direction and management of the business until all indebtedness owing to him by the partnership and appellant was paid. Appellant agreed to devote his full time to the conduct of the business and be subject to the orders and directions of respondent. Article 8 of the contract out of which this action arose reads as follows:

"If Kalkanes shall interfere with or prevent Cominos in the management and direction of this business, or if Cominos, at any time before the partnership indebtedness to him has been fully paid, in his best judgment and discretion becomes convinced that it is not possible for this partnership to successfully carry on said business, (and gives Kalkanes 30 days written notice of his decision) or if the operation of the business over a period of five consecutive months or more discloses an average net monthly profit of less than $400.00, Cominos is hereby authorized and empowered to negotiate a sale, exchange or other disposition of the entire partnership business upon the best

possible terms available at such time and in the event of such disposition of the partnership business the proceeds derived therefrom after the payment of the necessary costs and expenses of such disposition of the business shall be applied first to the payment of the debts of the business according to their respective legal priority, and if any balance of such proceeds shall remain after the payment and satisfaction of the debts, obligations and liabilities of the business, the same shall be divided equally between the partners. Either partner may become a purchaser of the business at any such sale."

The theory upon which the action was brought and presented to the court was that the operation of the business over a period of five consecutive months had been at a loss; that respondent notified appellant he elected to exercise his right to negotiate a sale, exchange or other disposition of the partnership business; that respondent listed the partnership business with brokers engaged in such sales, but was not able to obtain any bid or offer therefor; that he notified appellant of his efforts and requested him to either obtain a purchaser or to make a bid for the purchase of the business.

All of this took place during and after the month of June, 1948. Respondent and appellant had the books and records of the partnership audited by a certified public accountant. Respondent again listed the business with brokers, and requested appellant to either obtain an offer of purchase or to make one. On February 1, 1949, respondent notified appellant that the business would be offered for sale on February 10, 1949. Neither the appellant nor any one else made any offer to purchase the business. Respondent became the purchaser, assumed all of the indebtedness against the business, and obtained releases of appellant from all of the partnership indebtedness. He also released appellant from his indebtedness to either the partnership or to respondent individually. After making the purchase of the business, respondent closed and locked the doors of the building in order to take an inventory and make necessary readjustments. On February 11, 1949, appellant forcibly entered into possession of the premises and business and

operated it until enjoined by the order of court from interfering with possession by respondent.

The appellant is contending in this court that respondent proceeded unlawfully when he made a cash sale of the partnership business, became the purchaser thereof, and thereafter sought to operate and manage it as his own. His theory is that under general rules of law, and particularly the provisions of the uniform partnership act now in force in this state, Rem. Supp., 1945, § 9975-40 *et seq.*, if respondent desired to dissolve the partnership, he was required to bring a proper action, have the partnership dissolved by decree of court, the property sold, indebtedness paid, the affairs wound up, and any remaining assets distributed between the partners. We gather from the argument made by appellant in his brief and by oral argument of counsel, that the parties could not legally enter into an agreement whereby the partnership might be dissolved and terminated and its property sold in any of the ways provided by Article 8 of the contract above quoted.

Appellant has not cited any authority to the effect that parties entering into a partnership agreement may not provide by the contract for the dissolution and termination of the partnership and a sale or disposal of its property and assets upon the happening of a specified contingency.

We find nothing in either the rules of the common law on the subject of partnership, or in our statutes, placing any such limitation upon the freedom of parties entering into a partnership agreement to provide as respondent and appellant did by Article 8 of their partnership agreement. Our research discloses that whenever a similar situation has been presented the courts have recognized the legality of such a contract, but the inquiry usually has been directed to whether or not the contingency upon which the contract depended had happened, rather than whether or not the parties might legally include in their partnership agreement provisions with reference to dissolution, sale of the property, winding up its affairs, and distribution of any remaining assets. The courts proceed upon the theory

that, as a partnership is a voluntary contractual relationship between two or more persons, their agreement may provide for its dissolution and termination. *In re Randall's Estate,* 29 Wn. (2d) 447, 188 P. (2d) 71; *In re Prins' Estate,* 33 Wn. (2d) 831, 207 P. (2d) 909; 68 C. J. S. 844, Partnership, § 332 (c). The contracts involved in these cases provided upon the death of a partner the survivor might purchase the interest of the decedent. In each case the contingency happened. Their factual situations differ from the one before us, but we recognized the rule that partners have the legal right to make a valid and binding contract providing in the event of the happening of some stated contingency the partnership property and business might be sold. If this be so, then it necessarily follows the contract may also provide for a dissolution and termination of the partnership.

We see no difference between a partnership agreement and any other kind of a contract whereby the parties may agree that it may be terminated upon the happening of one or more of certain contingencies and the property or property rights of the parties sold or other disposition thereof be made. Our statutes provide grounds upon which a partnership may be dissolved, but we have been cited to no authority, and find none, holding that statutory grounds are exclusive. It is always open to parties to provide in any agreement they may make, how and under what circumstances, their business relationship may be terminated. All that is required is that the contingency upon which there may be a termination happens, and that the party having the option to terminate and sell or dispose of property acts in good faith and with due regard to the rights of the other party to the contract.

In the case of the dissolution and termination of a partnership under a contract like the one before us, partnership debts must be paid and its affairs wound up. If one partner becomes a purchaser he must pay a fair price, and adjustments must be made whereby the other partner

will be saved harmless from any partnership obligations and have the benefits given him by the contract.

■ The complaint alleged, and the proof submitted in support thereof showed, that the operation of the business over a period of five consecutive months prior to June 1948 had been at a loss. The respondent had the right to sell the business and become the purchaser. The record before us shows that he complied with the terms of the contract. If he was guilty of the misconduct set forth in the answer, and thereby created the contingency authorizing dissolution and termination of the partnership, or did not fully perform his legal duties in making the sale and appellant submitted proof thereof, the evidence should have been brought to this court by a statement of facts.

■ We gather, from what appears in the record, that appellant was unable, for reasons beyond his control, to secure a statement of facts containing the evidence submitted in support of his answer and therefore had to resort to a short record and statement of points. Our review is limited to the points, and other questions argued in the brief cannot be considered.

Appellant assigns as error the reception of testimony given by the certified public accountant who audited the books and records of the partnership. No argument has been presented in the brief of appellant as to why the testimony should not have been received and considered by the court. Under our rules, we would be justified in disregarding this assignment of error, but we have read the testimony and conclude it was properly received.

Our consideration of the short record brought to us and the statement of points upon which the appeal is based leads us to the conclusion that the complaint stated a cause of action, and that the trial court did not err in denying the challenge to the sufficiency of the evidence at the close of respondent's case.

The judgment is affirmed.

SCHWELLENBACH, C. J., ROBINSON, BEALS, MALLERY, HILL, HAMLEY, and DONWORTH, JJ., concur.