GERTZ *v.* FONTECCHIO.

1. PARTNERSHIP—DISSOLUTION.

Provision of partnership agreement for purchase of interest of partner by surviving or remaining partner may be availed of by a partner who is not shown to have been guilty of misconduct and resort to such means for termination of the partnership may not be defeated by the other partner by the bringing of a suit for dissolution and accounting.

2. SAME—VALUE OF ASSETS.

Determination of values of partnership assets, on the basis of competent proofs and without a public sale, is a judicial function that is exercised in the absence of an express agreement for a different method of determination.

3. SAME—VALUE—EVIDENCE—APPRAISERS.

Determination as to value of partnership business and assets *held,* within range of proofs submitted by appraisers for the respective parties to suit for dissolution and accounting.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur, Partnership § 310.
[1] Provision of partnership agreement giving one partner option to buy out the other. 160 ALR 523.
[4, 5] Generally as to intention that property acquired shall belong to partnership, see 40 Am Jur, Partnership § 97 *et seq.*

4. SAME—PROPERTY—OWNERSHIP.

Property acquired with partnership funds or by the partners individually for the use of the partnership does not necessarily constitute a partnership asset, if such was the intent of the parties in the acquisition and holding of it, in the absence of supervening rights of creditors (CL 1948, § 449.8).

5. SAME—LEASES.

Neither plaintiff nor the partnership between him and defendant was entitled to be decreed to be the owner or part owner of premises of which the partnership was the lessee under a lease containing a renewal clause and an option to purchase, where after plaintiff declined to participate in the purchase, defendant husband and wife did purchase the premises.

6. SAME—ACCOUNTING.

Trial court's determination of amount due plaintiff partner on promissory notes and of question of a defendant's rights to increased salary and rents and profits from sale of used cars, in suit for dissolution of partnership is not disturbed under record presented.

Appeal from Gogebic; Landers (Thomas J.), J. Submitted June 13, 1951. (Docket No. 68, Calendar No. 45,173.) Decided September 5, 1951.

Bill by Moses N. Gertz against Herman Fontecchio and wife for dissolution of partnership and accounting of property. Decree for defendants. Plaintiff appeals. Affirmed.

*B. E. Larson,* for plaintiff.

*Leonard J. McManman* and *Ivan D. Wright,* for defendants.

DETHMERS, J. Plaintiff and Herman Fontecchio, hereinafter called defendant, entered into a partnership agreement for the operation of an automobile repair and paint shop for an indefinite period of time. Plaintiff had money but no experience in such business. Defendant, a mechanic, had the necessary experience but no money. Accordingly, plaintiff pur-

chased a going business of that character for $6,000.
Under the partnership agreement his $6,000 invest-
ment was to be returned to him out of first profits,
after which the partners were to share profits equal-
ly. Conformable with plaintiff's insistence that his
interest in the business remain undisclosed, it was
agreed that the business should be conducted under
defendant's name only and a certificate of persons
conducting business under an assumed name was
filed with the county clerk representing defendant to
be the sole owner. In furtherance of the scheme,
after the partnership had been in operation for a
number of months and plaintiff had already re-
covered out of first profits all but $1,204.17 of his
investment, he transferred the business and its as-
sets by bill of sale to defendant and, in accord with
the partnership agreement, took back from defend-
ant a chattel mortgage thereon in an amount equal to
about half the value thereof. Plaintiff contributed
no services to the partnership. As agreed, defend-
ant contributed his services, managed, operated and
kept the books of the partnership, for which, at the
outset, he received an agreed salary of $45 per week.
When plaintiff purchased the business it was located
in a building upon which a 3-year lease was then
obtained, running to defendant as lessee, which pro-
vided for a monthly rental of $60, two 3-year re-
newals upon the same terms, and an option to pur-
chase, for an amount not specified, in the event the
lessor desired to and should have an opportunity to
sell the premises to another. Defendant immediately
assigned a half interest in the lease to plaintiff.
Later the lessor advised the parties that he desired
to sell the building for $7,500 and would sell it to
another if they did not buy. Plaintiff thereupon
stated that he was not interested in buying, that he
considered the property a poor investment at that
price, that the parties could look into the matter of

buying it later when the lease expired, that he had no objection to "the business" purchasing it if defendant so desired, but that, as an individual, he was not interested. Thereafter, at a time when the lease was about to expire and when the time for exercising the option for a renewal had already passed without its having been exercised, defendant and wife bought the building for $7,500. When plaintiff learned of this he objected, contending that defendant could not purchase the building, and insisted that title be placed in the name of the partnership or, in the alternative, that defendants might retain title, collect a rental therefor of $75 per month and that defendant might receive an increase in salary from $45 to $65 per week on condition that defendants lease the premises to the partnership for 10 years. It would appear that the latter was agreed upon but the lease was never executed although defendant did from that time on take the increase in salary and rent. Plaintiff claims that it was defendants' failure to execute such lease that occasioned the bringing of this suit for dissolution of the partnership. When this suit was brought the original lease had long since expired and there is no showing of any attempt by the partners or either of them to exercise the renewal option. The partnership agreement contained the following provision:

"13. That if either of the partners shall be desirous of terminating the partnership at any time, the continuing partner shall have the privilege of taking the whole partnershp business, at the rate at which the same shall be appraised and valued, on paying this value to the retiring partner."

The trial court ordered dissolution under the quoted section 13 of the agreement and decreed defendant to be the owner of the business and all its assets upon payment to plaintiff of $8,709.53 com-

prising a $292.02 adjustment in plaintiff's favor of accounts between the parties and the partnership, a balance of $1,204.17 still due plaintiff on his original investment, $625 due plaintiff from the partnership on promissory notes, and a sum of $6,588.34 representing one-half the value of the partnership business and assets as found by the court without regard to the value of rights of the partners or partnership under the lease which the court found to be nonexistent.

Plaintiff appeals, claiming that the court erred (1) in dissolving the partnership under section 13 of the agreement instead of ordering a sale of the business and assets at public sale; (2) in failing to decree that the partnership owned the building or, in the alternative, to include the value of the proposed new 10-year lease in computing the total value of partnership assets; (3) in determining the amount due plaintiff on promissory notes; and (4) in failing to require defendant to account for and reimburse the partnership for the increased salary and rental drawn by him and profits derived by him from the purchase and sale of used cars which he repaired in the partnership place of business.

(1) Plaintiff contends that the provisions of section 13 of the agreement were intended to apply only to a friendly termination of the partnership and not where plaintiff has brought suit for dissolution alleging misconduct in the handling of partnership affairs by the defendant. In this connection plaintiff cites *Steckroth* v. *Ferguson,* 281 Mich 279, quoting from the syllabus the following:

"Provisions of partnership agreement for purchase of interest of partner by surviving or remaining partner *held,* to refer to situation where one partner voluntarily or involuntarily has ceased to be a participant in the firm business and not to permit one by his misconduct to make the other dissatisfied,

practically force him to sell out and let the guilty partner thereby obtain the benefit of the good will of the business."

In the instant case, however, the trial court did not find, nor does an examination of the record disclose, that plaintiff established misconduct by defendant in the handling of partnership affairs to such an extent as to make plaintiff justifiably dissatisfied or to practically force him to sell out, as in the *Steckroth Case*. While section 13 of the agreement was undoubtedly intended to provide a means for termination of the partnership without recourse to judicial proceedings, plaintiff, in desiring termination of the partnership, should not be permitted, in the absence of substantial misconduct on defendant's part, to defeat the latter's rights under that section of the agreement by the simple expedient of bringing a suit. No reason appears for holding the provisions of section 13, expressly agreed upon by the partners, to be inapplicable to the dissolution here desired and sought by plaintiff. He raises the point that Section 13 does not provide for a method of appraisal. Determination of values, on the basis of competent proofs, is a judicial function constantly exercised by the courts and properly so in the absence of an express agreement for a different method of determination. In the instant case the determination of value of the partnership business and assets was made by the court on the basis of testimony given by an appraiser for plaintiff and an appraiser for defendant. It was fairly within the range of the proofs.

(2) Property acquired with partnership funds or by the partners individually for the use of the partnership does not necessarily constitute a partnership asset. In the absence of supervening rights of creditors, such property may, as between the partners,

at least, be owned by them individually as tenants in common or otherwise, as distinguished from the partnership, if such was their intention in the acquisition and holding thereof. In this connection see CL 1948, § 449.8 (Stat Ann § 20.8), and *Block* v. *Schmidt*, 296 Mich 610. In the instant case there is no proof that the lease belonged to the partnership. Defendant denied it, testifying that he took the lease in his own name, at plaintiff's direction, and assigned a half interest therein to the latter individually. Plaintiff offered no proof to the contrary. The entire arrangement, calculated to conceal plaintiff's interest in the business, and all the relevant proofs indicate an intention on the part of the parties that the leasehold rights should belong to them individually rather than to the partnership. That this was still plaintiff's view of the matter when he filed suit appears from the prayer contained in his bill of complaint "that the plaintiff herein be decreed to be the owner of one-half of the business premises hereinbefore described and which are held in trust for the plaintiff by the defendant," with no alternative prayer that the partnership be decreed to be the owner of the premises or lease. On such state of the record we hold, in the absence of rights of creditors, that, as between the partners, the lease and option rights thereunder belonged to them individually as tenants in common and not to the partnership. When the situation developed which gave rise to the lessees' right to exercise the option to purchase and to the necessity for doing so if they wished to buy, plaintiff declined to exercise it individually and made no suggestion that the parties do so as tenants in common. He contented himself with the suggestion that they might look into the matter of a purchase later, when the lease expired, and with the mere indication of a willingness that the option be exercised in behalf of

the partnership and that the building be purchased by and for it if defendant so desired. Plaintiff had no right to insist upon the latter because the lease and option did not belong to the partnership. His individual rights under the lease and option he abandoned by failing and declining to exercise them when it was time to do so. Under such circumstances no bar remained to purchase of the building by defendants for their own benefit, subject only to such leasehold rights as still existed in the lessees. Those leasehold rights expired shortly thereafter. The right to exercise the option for a 3-year renewal had already expired when the premises were conveyed to defendants. Plaintiff never sought to exercise nor did he ever complain of defendant's failure to exercise, in behalf of them both, the renewal option. Rather, plaintiff, after objecting to defendant's purchase, suggested a new lease from them to the partnership on terms in nowise connected with nor determined by the original lease. Plaintiff's bill of complaint does not set up or allege an agreement by defendants to give him or the partnership a 10-year lease on the premises nor does it contain a prayer for specific performance thereof or for inclusion of the value of such proposed lease in the assets of the partnership. The case was not tried on that theory. On the contrary, plaintiff claimed to be half owner, individually, of the premises and sought to be so decreed. From all this it follows that neither plaintiff nor the partnership is entitled to be decreed to be the owner or part owner of the premises or of any rights under the original lease nor to have the value of the old lease or renewal thereof or of the proposed new lease included as part of the partnership assets. As for the value of any such lease, it may be noted that the record is barren of proofs as to what it might be.

(3 and 4) Determination of the amount due plaintiff on promissory notes and of the question of defendant's rights to increased salary and rents and to profits from the sale of used cars all depends upon the prior determination of disputed questions of fact resolved by the trial court in favor of the defendant. We are not convinced that we must have concluded otherwise had we occupied the position of the trial court. See *Stratmann* v. *Stratmann,* 287 Mich 94, and cases therein cited.

No question relating to division of profits is raised by either party but, in that regard, see *Vanderplow* v. *Fredricks,* 321 Mich 483.

Affirmed, with costs to defendants.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.