Argued December 18, 1958, affirmed in part, reversed in part
January 21, petition for rehearing denied February 18, 1959

# CLARK *v.* ALLEN ET AL

333 P. 2d 1100

*Laurence Morley* argued the cause for appellant W. Gordon Allen. On the briefs were W. C. Winslow, Salem, and Morley & Thomas, Lebanon.

*Asa L. Lewelling,* Salem, argued the cause and filed briefs for appellant John B. Truhan.

*Bruce Williams* argued the cause for respondent and cross-appellant. On the brief were Williams & Skopil, Salem.

Before PERRY*, Chief Justice, and WARNER, SLOAN and O'CONNELL, Justices.

SLOAN, J.

This case involves the dissolution of a partnership formed to establish and operate radio station KGAE

---

* Chief Justice when case was argued.

in Salem. The initial complaint alleged violation of the partnership contract and sought an accounting, dissolution and liquidation of the partnership. The defendants, by answer, denied violation of the agreement. They also alleged that Clark's action in filing his complaint constituted a "voluntary dissolution" of the partnership, which, by the terms of the contract hereinafter set forth, gave them the right to purchase his interest at its then value. Defendants then tendered plaintiff what they considered to be the value of plaintiff's interest in the business and prayed the court decree the partnership thereby dissolved and terminated. After an extended hearing the trial court, by preliminary order, appointed an accountant to audit the books and records and report to the court. Following the filing of this report the court entered a decree which dissolved the partnership and attempted to adjudicate the rights of the parties. All of the parties appeal from various provisions of the decree. Our disposition of this case renders it unnecessary to consider all the issues presented. As we later indicate we believe the only issue we are required to consider is presented by the finding and decree of the trial court allowing the plaintiff to continue to share in partnership profits after the date of dissolution fixed by the court. The defendants have at all times been in possession and operation of the station. A brief statement of the facts is necessary.

The partnership was formed by the plaintiff Clark and the defendants Allen and Truhan by a written agreement dated June 26, 1951. The contract provided that each would be a one-third owner of the partnership assets and that each would contribute $6,000 to the partnership to provide its capital. The contributions of plaintiff Clark and defendant Truhan

were to be in cash. The defendant Allen was to contribute $2,500 in cash and assume the full responsibility of obtaining a permit from the Federal Communications Commission, and if successful in that, to build and install the necessary buildings, facilities and equipment essential to the operation of a radio station. The management chores were to constitute the remainder of the contribution of defendant Allen.

The paragraph of the contract most pertinent to our inquiry provided as follows:

"Upon voluntary dissolution of the partnership by any partner, or by reason of death of one of the parties, the remaining parties shall have first right to purchase the interest of such partner in the business, assets and goodwill, by paying the value of such interest as determined by current accounting and inventory. Upon such payment the retiring party or his representatives, shall execute and deliver to the other parties all necessary conveyances of such interest.

"None of the parties shall sell, assign or incumber his interest in the partnership without the written consent of the other parties to the agreement."

It was anticipated that the station would be able to begin actual broadcast operation about December 1, 1951. Numerous complications appear to have prevented this anticipated event and the station did not commence operation until about June 1, 1952. Prior to the formation of the contract Allen held interests in lesser or greater amount in other radio stations and was a trained engineer in the technical aspects of the business. Truhan was likewise an engineer, but during most of the time pertinent here was in Honolulu and other areas of the Pacific and had little personal contact with the affairs of this partnership. The

plaintiff resided in Camas, Washington, and had no previous experience with this type of business and, as expressed in the contract, placed the sole management responsibility on defendant Allen.

During the interval of time which elapsed between the formation of the partnership and the commencement of actual broadcasting, the plaintiff and his wife appear to have become restless and made frequent inquiry of Allen as to the progress being made. The response to these inquiries did not satisfy plaintiff and differences developed. About the time the station "went on the air" plaintiff caused his then legal counsel to call upon Allen and demand certain accountings. Various efforts were made to present an accounting to plaintiff or his counsel but these were of no avail. On November 3, 1952, plaintiff filed his complaint herein for a dissolution of the partnership, an accounting and winding up of its affairs by the appointment of a receiver to take charge of and liquidate the business.

The grounds alleged in the original complaint were baseless and essentially abandoned upon subsequent hearings and trial. Later the plaintiff filed an amended complaint charging various violations of the partnership contract on the part of defendant Allen. We find that these allegations were not supported by satisfactory evidence in the course of the subsequent hearings before the court. We must, and do, conclude, therefore, that the original attempted action for dissolution was wholly without adequate cause and was unjustified at the time it was filed. Nor did the subsequent amended complaint and evidence, in its support, cure plaintiff's failure to justify the abortive dissolution.

■ By our view of the evidence, the defendant Allen was perhaps guilty of some unwise methods in the handling of partnership funds. There is no evidence, however, of misuse of such funds nor that they were not expended for the purposes required by the partnership contract. He did successfully obtain a Federal Communications Commission permit despite strenuous opposition, build and equip a radio station that all available evidence indicates has been a financial success. This has been in spite of persistent harassment on the part of plaintiff. There is even some evidence to indicate that plaintiff has assisted competing radio stations in efforts to cause the Federal Communications Commission to withdraw or at least impair the usefulness of the permit to operate this station. This view of the evidence impels us to find that Allen did not violate the partnership contract but did, in fact, fully perform the obligations he assumed by that contract. We should also mention that plaintiff's complaint sought the appointment of a receiver and liquidation of the assets. It appears that in such event the partnership would then have been insolvent. By the time of the conclusion of the final hearing in 1955 plaintiff was contending the value of his share of the assets was $25,000 to $30,000, a contention we believe to be fatally inconsistent with continued charges of mismanagement. We should mention that this view of the evidence is contrary to a finding by the trial court in one of its preliminary orders, and heavily relied on by plaintiff, that the dissolution was caused by misconduct of the defendant Allen.

■■ We conclude that a groundless attempt without cause by one partner to cause a partnership to be judicially dissolved is a "voluntary dissolution" or withdrawal from the partnership by that partner. We

find strong support in the case of *Gertz v. Fontecchio,* 331 Mich 165, 49 NW2d 121. The partnership agreement in that case contained a provision similar to that in the contract before us. It provided: "Section 13: That if either of the partners shall be desirous of terminating the partnership at any time, the continuing partner shall have the privilege of taking the whole partnership business, at the rate at which the same shall be appraised and valued, on payment to the value to the retiring partner." In that case one of the partners, as here, attempted a groundless suit for dissolution. In construing this conduct the Michigan court, speaking through Justice Dethmers (at 49 NW2d 124), said:

"In the instant case, however, the trial court did not find, nor does an examination of the record disclose that plaintiff established misconduct by defendant in the handling of partnership affairs to such an extent as to make plaintiff justifiably dissatisfied or to practically force him to sell out, as in the Steckroth case. While § 13 of the agreement was undoubtedly intended to provide a means for termination of the partnership without recourse to judicial proceedings, plaintiff, in desiring termination of the partnership, should not be permitted, in the absence of substantial misconduct on defendant's part, to defeat the latter's rights under that section of the agreement by the simple expedient of bringing a suit. No reason appears for holding the provisions of § 13, expressly agreed upon by the partners, to be inapplicable to the dissolution here desired and sought by plaintiff. He raises the point that § 13 does not provide for a method of appraisal. Determination of values on the basis of competent proofs, is a judicial function constantly exercised by the courts and properly so in the absence of an express agreement for a different method of determination."

We concur in the opinion thus expressed. We are told that, even so, there must have been notice of dissolution on plaintiff's part to have caused a voluntary dissolution by him. The filing of the complaint was notice of dissolution. *Carrey v. Haun,* 111 Or 586, 592, 227 P 315.

■ The trial court was in error when it permitted plaintiff to continue to share in partnership profits after he withdrew and dissolved the firm. By the terms of the partnership agreement previously quoted, the amount plaintiff was entitled to receive for his interest in the business was "the value of such interest as determined by current accounting and inventory" as of the date he withdrew. This was binding upon the parties and fixed the basis of the amount to be paid to a withdrawing partner. *Gertz v. Fontecchio,* supra; ORS 68.310; *Cominos v. Kalkanes,* 37 Wash2d 843, 226 P2d 863, 866. The trial court should have made this determination and upon its payment to plaintiff terminated the partnership.

■ The value of plaintiff's interest in the partnership should have been determined as of November 2, 1952, the date his complaint was filed and which actually constituted the date of dissolution. However, the trial court fixed the date of dissolution as April 23, 1953, and the defendants, though not in agreement with that date, have acquiesced therein. The audit ordered by the court fixed the value of the partnership assets at the date of April 23, 1953, and the defendants express reluctant acquiescence in the value so determined and express a willingness to pay plaintiff for his interest in the value as fixed by that audit. It appears from the evidence that this amount would be more favorable to the plaintiff than the value on November 2, 1952. Therefore, the value found by this

audit shall be used to fix the amount to be paid to plaintiff for his share in the partnership. Certain adjustments, however, we believe are necessary to properly arrive at the net value. It is our conclusion that the accounts payable as reflected in this audit to the defendant Allen in the amount of $1,404.92 and to radio station KGAL (an alter ego of Allen) in the amount of $3,055.67, together with all payments previously made on those accounts, should not be allowed. We agree with the finding of the trial court that there is not sufficient evidence to establish the true character of these advances. The amounts listed in the profit and loss portion of the report for salaries does not indicate to whom such salaries were paid. To the extent that this may include any salary to the defendants Allen or Truhan, it should not be included in arriving at profit or loss. ORS 68.310(6). The trial court will be required to make these determinations. The decree is affirmed insofar as it ordered a dissolution of the partnership and the trial court is directed to enter a decree requiring the defendants to pay into the court for benefit of plaintiff the amount to be determined as above set forth within 60 days of the date of such decree. Within such time the plaintiff shall be required to deposit with the court any instruments necessary to relinquish to the defendants any title and interest plaintiff may have in the real and personal property owned by the partnership. He shall be required to join in any application to the Federal Communications Commission that may be necessary to reflect the change in ownership of the permit issued by that Commission. Neither party is to recover costs.

Affirmed in part and reversed in part.