■ NATE NAPOLI, Appellant-Respondent, v. IRVING DOMNITCH et al., Respondents-Appellants.— In an action to declare the dissolution of a partnership engaged in the building of apartment houses and their operation, in which defendants counter-claimed for the same and related relief on the ground of plaintiff's breach of the partnership agreement, the parties cross-appeal as follows from a judgment of the Supreme Court, Queens County, entered April 10, 1962, which, *inter alia*, denied plaintiff's motion for summary judgment; granted defendants' cross motion for summary judgment; dismissed the complaint; and, on stated conditions, dissolved the partnership by reason of plaintiff's " wilful or persistent breach of the partnership agreement" (see 34 Misc 2d 237): (1) Plaintiff appeals from the whole of said judgment. (2) Defendants cross-appeal from so much of said judgment: (a) as requires them to pay to plaintiff the net value of his interest in the partnership within 90 days after the determination of such value, and not in 60 monthly installments as provided by the partnership agreement; and (b) as " provides for the determination of the

value of the realty by the Official Referee and not by appraisers as provided in said agreement." The conditions set forth in the judgment for the dissolution included, *inter alia*, a direction: (1) that the ascertainment of the value of plaintiff's interest in the partnership as of June 30, 1961, and the ascertainment of the damages caused by plaintiff's wrongful dissolution of the partnership on that date be referred to an Official Referee to hear and report unless the parties consented that the reference be to hear and determine; and (2) that not later than 90 days after the filing of said determination and service of a copy thereof upon defendants, they shall pay to plaintiff in full satisfaction of his interest in the partnership the amount fixed in said determination as said value, "less the amount (if any) fixed in said determination as the damages caused by the plaintiff's wrongful dissolution of the partnership on June 30, 1961, and less also the costs and disbursements of this action and of the said reference". Judgment modified on the law and the facts (a) by striking out the third decretal paragraph, with the exception of the provision therein dismissing the complaint; (b) by striking out all of the fourth and fifth decretal paragraphs; and (c) by substituting therefor the following two provisions: (1) a provision directing that the value of plaintiff's partnership interest as of June 30, 1961 be fixed and paid for as provided in paragraph 14 of the partnership agreement, the first payment to be made when the value is determined; and (2) a provision directing that, either the plaintiff or the defendants, upon notice to the other, may apply to the court for the addition at the foot of the decree of such provisions as either of them may deem necessary or advisable. As so modified, judgment, insofar as appealed from, affirmed, without costs. Findings of fact contained in the Special Term's opinion (34 Misc 2d 237) which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The partnership agreement did not specify any definite term for the duration of the partnership; and, in view of the date on which it was actually signed, it did not specify any particular event that was to terminate the partnership (see Partnership Law, § 62). Other than the inference which might be drawn from paragraph 14 of the agreement, the agreement did not contain any provision for the dissolution of the partnership during the lifetime of the partners. On or about June 21, 1961, plaintiff sent a registered letter to defendants notifying them that he elected to dissolve the partnership as of the close of business on June 30, 1961. There is no claim that plaintiff breached the partnership agreement prior to sending this letter. On June 28, 1961, defendants' attorney notified plaintiff's attorney that it was defendants' position that the contract was not terminable at will; and that, if plaintiff wished to withdraw, he presumed that plaintiff would follow the procedure specified in the agreements. Thereafter this action was instituted. No one can be forced to continue as a partner against his will. Despite the fact that a partnership agreement provides a definite term for the duration of the partnership, the partnership may be dissolved at any time by any partner, thereby putting an end to the partner-relationship but rendering the partner who breached the agreement subject to a claim for damages for breach of contract by each partner who did not wrongfully cause the dissolution (Partnership Law, §§ 62, 69; *Cahill* v. *Haff*, 248 N. Y. 377, 382; *Burnstine* v. *Geist*, 257 App. Div. 792; see, e.g., *Karrick* v. *Hannaman*, 168 U. S. 328, 334–336). Here the partnership was one at will (*Hardin* v. *Robinson*, 178 App. Div. 724, affd. 223 N. Y. 651), but plaintiff's right to terminate the partnership was subject to the right granted to the defendants in paragraph 14 of the agreement to purchase plaintiff's interest (*Corr* v. *Hoffman*, 256 N. Y. 254). Plaintiff could not be compelled to remain as a partner and to be subject to all the liabilities which could be

imposed upon him by his partners if defendants refused to exercise their option to purchase his interest (Partnership Law, §§ 62, 20; *Cahill* v. *Haff, supra*; see, e.g., *Karrick* v. *Hannaman, supra*). Under the circumstances herein, liability for damages for breach of contract should not have been imposed on plaintiff, although defendants have the right to insist that the value of plaintiff's interest be determined and paid for by them as provided in the agreement (see, e.g., *Corr* v. *Hoffman, supra*). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.