**Burton M. COOPER**

v.

**Leslie A. ISAACS, Appellant.**

**No. 24807.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 23, 1971.

Decided Aug. 25, 1971.

Petition for Rehearing Denied Sept. 24, 1971.

---

Mr. Jacob P. Billig, with whom Messrs. Norman C. Barnett, Washington, D. C., and Terrence D. Jones, were on the brief, for appellant.

Mr. David G. Bress, Washington, D. C., with whom Mr. Thomas C. Green, was on the brief, for appellee.

Before McGOWAN and TAMM, Circuit Judges, and DAVIES,* United States District Judge for the District of North Dakota.

TAMM, Circuit Judge:

The primary issue presented in this case is whether the District Judge erred in appointing a receiver to supervise the parties' partnership business pending a determination on the merits of appellee Cooper's suit for dissolution and liquidation of the business. We hold that the District Judge's action in appointing the receiver was a proper exercise of his discretion.

The parties are partners in the firm of Lesco Associates, which is engaged in the sale and distribution of janitorial supplies. They commenced operations pursuant to an oral agreement in 1962 and entered into a written agreement in 1965.

This case arose upon appellee Cooper's filing of a complaint in the District Court seeking declaratory and equitable relief. Cooper sought a declaratory judgment that Lesco Associates was a partnership and not a corporation [1] and that the partnership was one at will, so that either party had the right to dissolve it. He also asked for a dissolution for cause of the partnership pursuant to section 41–331 of the District of Columbia Uniform Partnership Act, D.C.Code § 41–331 (1967), alleging irreconcilable differences between the partners regarding matters of policy. Finally, Cooper requested appointment of a receiver *pendente lite* and permanently until the partnership business was wound up.

On September 11, 1970, appellant Isaacs filed an answer and a counterclaim charging that Cooper's filing of his complaint constituted a wrongful dissolution in contravention of the partnership agreement under section 41–330 of the Act, D.C.Code § 41–330 (1967).[2]

---

\* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

1. At a later hearing the parties stipulated that Lesco Associates was a partnership.

2. In contending that Cooper's action constituted a dissolution, Isaacs relies on the provisions in section 41–330 which state that dissolution can be caused "by the express will of any partner." (D.C.Code § 41–330(1) (c), (2).)

Accordingly, he asserted that he was entitled to continue the business in the name of the partnership, both *pendente lite* and permanently, pursuant to section 41–337, D.C.Code § 41–337 (1967).[3] He also sought money damages and a *pendente lite* and permanent injunction prohibiting Cooper from interfering in the business and from engaging in a competing business within a twenty-five mile radius of the District of Columbia.

Shortly after Isaacs filed his answer and counterclaim the parties moved for the *pendente lite* relief they had requested in their pleadings.[4] In an opinion and order issued November 12, 1970, the District Judge granted Cooper's motion and denied Isaacs'. This appeal followed.

In determining whether the District Judge's appointment of a receiver *pendente lite* was a permissible exercise of his authority,[5] we must first decide whether appellee Cooper's filing of his complaint requesting dissolution of the partnership on the ground of irreconcilable differences regarding business policy was itself a wrongful dissolution of the partnership in contravention of the partnership agreement. If it was, then appellant Isaacs was entitled to relief under section 41–337, and the appointment of the receiver was improper as a matter of law.

We turn to the partnership agreement and to appellant Isaacs' interpretation of it. Paragraph 2 of the agreement states:

> Term of Partnership: The partnership has heretofore commenced and shall continue until terminated as herein provided.

(Brief for Appellant, Exhibit A at 1.) The agreement then sets forth specific provisions regarding termination of the partnership by sale of interests, mutual consent, retirement of a partner, death of a partner, or incompetency of a partner. On the basis of these provisions, appellant Isaacs contends that the partnership can be terminated in accordance with the partnership agreement only upon the occurrence of one of the events specifically mentioned therein. Since a dissolution based upon irreconcilable differences is not one of these events,[6] the

---

3. Section 41–337 provides in pertinent part:
    (2) When dissolution is caused in contravention of the partnership agreement the rights of the partners shall be as follows:
    *   *   *   *   *
    (b) The partners who have not caused the dissolution wrongfully, if they all desire to continue the business in the same name, either by themselves or jointly with others, may do so, during the agreed term of the partnership and for that purpose may possess the partnership property, provided they secure the payment by bond approved by the court, or pay to any partner who has caused the dissolution wrongfully, the value of his interest in the partnership at the dissolution, less any damages recoverable under clause (2) (a) (II) of the section, and in like manner indemnify him against all present or future partnership liabilities.

4. Cooper also moved for dismissal of Isaacs' counterclaim. The District Judge later denied this motion, and his action in doing so is not now before us.

5. Besides attacking the appointment of a receiver, appellant Isaacs also asks that we reverse the District Judge's denial of its motion for *pendente lite* relief. Appellee Cooper contends that this action by the District Judge is not one of the interlocutory decisions which we have jurisdiction to review under section 1292 of Title 28 of the United States Code, 28 U.S.C. § 1292 (1964). Under the view we take of this case, however, it is unnecessary for us to decide this question. The District Judge's denial of appellant Isaacs' motion is inextricably tied to its decision to appoint a receiver, and our ultimate conclusion that the District Judge did not err in appointing a receiver is thus dispositive of Isaacs' claim that it should have been granted *pendente lite* relief.

6. It should perhaps be noted that appellee Cooper's suit for dissolution does not qualify as a retirement under the partnership agreement. The agreement provides a certain procedure for retirement and specifies a formula for determining the value of the retiring partner's interest. In bringing his suit, Cooper did not follow the procedure given in the agreement,

filing of a complaint seeking this relief is, according to Isaacs, a dissolution in contravention of the partnership agreement.

In support of his position, Isaacs relies primarily on three cases—Napoli v. Domnitch, 34 Misc.2d 237, 226 N.Y.S.2d 908 (1962), modified, 18 A.D.2d 707, 236 N.Y.S.2d 549 (1962), aff'd, 14 N.Y.2d 508, 248 N.Y.S.2d 228, 197 N.E.2d 623 (1964); Strauss v. Strauss, 254 Minn. 234, 94 N.W.2d 679 (1959); and Clark v. Allen, 215 Or. 403, 333 P.2d 1100 (1959). We feel his reliance on *Clark* is misplaced. In that case one of the partners had filed a complaint for dissolution of the partnership and the trial court conducted a full hearing on the merits of the complaint. On appeal the Supreme Court of Oregon concluded, on the basis of the lengthy record made below, that the complaint was "groundless" and that the filing of such a complaint by a partner brought about a voluntary dissolution of the partnership. (215 Or. at 405, 333 P.2d at 1102.) Here no evidentiary hearing has been held and in the absence of such a hearing we are unable to determine the merits of the claims made in the complaint.

■ The *Strauss* and *Napoli* decisions may also be inapposite. Although the language of these decisions is somewhat confusing, it appears that the plaintiffs involved therein did not file complaints seeking dissolution for cause under the local equivalents of section 41–331, but instead sought dissolution only on the ground that the partnerships were ones at will or for specified terms which had expired or were to expire shortly. Moreover, prior to filing their complaints the "retiring" partners had given their fellow partners unequivocal notice of their intent to terminate the

partnerships.[7] Given these circumstances, the courts deciding the cases seem to have construed the complaints as expressions of will that the partnerships were in fact dissolved. (*See* n. 2, *supra*.)

If *Strauss* and *Napoli* do to some extent support the proposition that Cooper's filing of his suit brought about a dissolution, we feel they are, to this extent, wrongly decided. Our primary authority for this statement is the Partnership Act itself. Section 41–330 of the Act provides:

■ Dissolution is caused:

\* \* \* \* \* \*

(6) By *decree of court* under section 44–331.

(Emphasis added.) Turning to section 41–331, we find the following provisions:

(1) On application by or for a partner the court shall decree a dissolution whenever—

\* \* \* \* \* \*

(c) a partner has been guilty of such conduct as tends to affect prejudicially the carrying on of the business;

(d) a partner wilfully or persistently commits a breach of the partnership agreement, or otherwise so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with him,

\* \* \* \* \* \*

(f) other circumstances render a dissolution equitable.

Courts interpreting these provisions have consistently held that serious and irreconcilable differences between the parties are proper grounds for dissolu-

and, more importantly, he sought to have the value of his interest determined under the Partnership Act rather than under the agreement.

7. In this case Cooper sent Isaacs notice that he had filed his suit for dissolution, but we do not feel this amounts to an unequivocal expression of intent to termi-

nate the partnership. If Cooper fails to establish that he is entitled to a dissolution for cause, he may be willing to continue in the partnership. Of course, he will be unable to do so if the court below concludes, after a full hearing, that his complaint was "groundless" and that he has thus caused a dissolution himself.

tion by decree of court. *E. g.*, Ferrick v. Barry, 320 Mass. 217, 68 N.E.2d 690 (1946); Owen v. Cohen, 19 Cal.2d 147, 119 P.2d 713 (1941). Since the Act provides for dissolution for cause by decree of court and Cooper has alleged facts which would entitle him to a dissolution on this ground if proven, his filing of his complaint cannot be said to effect a dissolution, wrongful or otherwise, under the Act; dissolution would occur only when decreed by the court or brought about by other actions.[8]

■ A partnership agreement can presumably change this result, but the terms of the agreement must be quite specific to effect such a change. This is so because the provisions of the Act regarding dissolution by decree of court were clearly designed to allow partners to extricate themselves from business relationships which they felt had become intolerable without exposing themselves to liability in the process,[9] and this sound policy should apply unless expressly negated, and perhaps even then.

■ We do not believe it can be said at this time, with the case in its present posture, that the partnership agreement involved here was clearly meant to exclude the possibility of dissolution of the partnership by decree of court under section 41–331. True, the partnership agreement does discuss certain ways by which the partnership can be terminated and states that the partnership "shall continue until terminated as herein provided." (Brief for Appellant, Exhibit A at 1.) However, it may well be that the parties did not consider the possibility that serious disagreements would arise at the time they made the agreement; the language limiting the methods of terminating the partnership may have

been intended only to prevent a partner from dissolving the partnership voluntarily and without good cause. We thus conclude that without further inquiry into the partnership agreement and the claims made by the parties, it is impossible to say that the mere filing of the complaint by Cooper constituted a wrongful dissolution.

Having concluded that the appointment of the receiver *pendente lite* was not invalid as a matter of law, we must now decide whether the District Judge abused his discretion in making the appointment. Although there is some conflict in the opinions as to when it is permissible to appoint a receiver in a case involving the proposed dissolution of a partnership,[10] we believe the action taken here was clearly a proper exercise of judicial discretion. There appears to be no question that very serious disagreements have frequently occurred between the parties to this case. The parties are in conflict as to whether these disagreements threaten the continued success of the business, but considering their apparent seriousness and frequency, the District Judge's conclusion that they do is certainly a reasonable one. Moreover, contrary to appellant Isaac's claim, appellee Cooper's suit for dissolution by decree of court was not clearly invalid, and there was thus a need to insure that the partnership assets were preserved in the event such a dissolution proved necessary. In circumstances similar to these, several courts have held the appointment of a receiver to be proper,[11] and we find the reasoning of these decisions persuasive. Accordingly, we affirm the District Judge's appointment of the receiver *pendente lite*.

Affirmed.

---

8. This reasoning is subject to the proviso that the court below does not eventually conclude that Cooper's complaint is "groundless." If this occurs, the date the complaint was filed will be deemed the time of dissolution. Clark v. Allen, *supra.* However, in deciding this appeal we cannot assume that the complaint will prove to be "groundless."

9. *Cf.* Crane & Bromberg, Partnership 441 (1968).

10. *See generally*, Annotation, 23 A.L.R.2d 583 (1962).

11. See, e. g., Creel v. Creel, 63 App.D.C. 384, 73 F.2d 107 (1934); Wrenn v. Wrenn, 228 S.C. 588, 91 S.E.2d 267 (1956); *see generally*, Annotation, 23 A.L.R.2d 583, 604–608 (1952).