Neel, Stephen E., J.
The above-captioned consolidated cases arise out of a business dispute between Albert R. Symes (Symes) and his business partner, Eugene Nigro (Nigro), and their respective entities through which they jointly own commercial property in Wakefield, Massachusetts (respectively, Symes Interests and Nigro Interests). In Wakefield Quannapowitt Corp. et al. v. 591 Quannapowitt Limited Partnership et al., No. 08-3018, and Wyoming Trust v. Lakeside Vista LLC, No. 08-3017, the Symes Interests seek dissolution of three limited partnerships[1] and one limited liability company[2] (the dissolution action). The Nigro Interests move for summary judgment. For the reasons stated below, the motion will be denied.
DISCUSSION
In 1994, Symes and Nigro formed the partnerships in order to hold title to three contiguous parcels of land on which are located two office parks and the Lord Wakefield Hotel (hotel). The general partners of the partnerships are North Avenue Corp. (NAC), owned by the Nigro Interests, and Wakefield Quannapowitt Corp. (WQC), owned by the Symes Interests. Each has a 1% ownership interest and total managerial control in each partnership. The Symes Interests created the Wyoming Trust, and the Nigro Interests the Montana Trust, to serve as the limited partners. Nigro and Symes agreed, in identical “Limited Partnership Agreements” for the three partnerships (partnership agreements), that the partnerships would terminate on December 31, 2045, with two exceptions stated in Article VI:
Term and Dissolution. The Partnership shall continue in full force and effect until December 31, 2045, except that the Partnership shall be dissolved prior to such date upon the happening of any of the following events:
A. The sale of other disposition of all or substantially all the assets of the Partnership, or
B. The Retirement of a sole General Partner.
In 1998, Symes and Nigro formed the LLC to hold their interest in an additional, contiguous parcel on which a third office building is located. The Wyoming Trust and the Montana Trust each own fifty percent interests in the LLC. It is undisputed that there is no operating agreement to cover the LLC.
In 2006, the Symes Interests filed in Middlesex County the dissolution actions,[3] seeking judicial dissolution of the partnerships pursuant to G.L.c. 109, §§44 and 45,[4] and for the dissolution of the LLC pursuant to G.L.c. 156C, §§43 and 44.[5] They contend that the partners have reached a deadlock regarding the management of the property such that it is “not reasonably practicable to carry on the business of the Limited Partnerships in accordance with their partnership agreements, nor to cany on the business of Lakeside Vista LLC in accordance with its Certificate of Organization.” Second Amended and Consolidated Application for Dissolution,[6] para. 16.
The Nigro Interests have moved for summary judgment, arguing that the Symes Interests’ application to dissolve the partnerships contravenes the partnership agreements. They contend that, where the agreements are to continue for a specific term of years, the only methods by which the partnerships can be dissolved are those provided for in the agreements themselves, and that judicial dissolution therefore is not permissible. The Nigro Interests do not argue that the Symes Interests must remain in the partnership; rather they argue that by seeking judicial dissolution the Symes Interests have breached the partnership agreements, and that as a result control of the partnerships passes to NAC. In any event, they argue, the applications for dissolution should be denied.
After hearing, and review of the memoranda and materials submitted, the Court concludes that summary judgment is not appropriate. In particular, the Court notes that nothing in the language of Art. VI of the partnership agreements either indicates that the specified events are intended to be the exclusive triggers for dissolution, or purports to extinguish the general partners’ right under Massachusetts law to seek dissolution by court decree. See, e.g. Prudential Ins. Co. of America v. Hilton Hotels Corp., 1996 U.S. DIST. LEXIS 8499 (S.D.N.Y. June 19, 1996) at *9-10 (parties did not explicitly abrogate the right to court-ordered dissolution absent specific and unequivocal language expressing their intention to do so). See also Cooper v. Isaacs, 448 F.2d 1202, 1206 (D.C.Cir. 1971). Compare In re Century/ML Cable Venture, 294 B.R. 9, 26 (S.D.N.Y. 2003), where the Bankruptcy Court noted that the agreement at issue provided that dissolution *280 would occur “only” upon the occurrence of certain events. The use of the word “only,” the court concluded, limited dissolution to those specified events, which did not include bankruptcy filing. Id. at 27.
In short, nothing in the statutes, the case law, or the language of the partnership agreements forecloses the Symes Interests from seeking judicial dissolution prior to expiration of the partnerships by their terms. While there is evidence that, in spite of the disputes between the parties, the businesses continue to be profitable, the Court remains of the view, stated in its order of April 21, 2009, that “genuine issues of material fact remain as to whether the parties are deadlocked to the extent that it is not reasonably practicable for them to cany on the business of the Limited Partnerships and LLC.”
ORDER
For the reasons stated above, the Nigro Interests’ motion for summary judgment in Wakefield Quannapowitt Corp. et al. v. 591 Quannapowitt Limited Partnership et al., No. 08-3018, and Wyoming Trust v. Lakeside Vista LLC, No. 08-3017, is DENIED.

 591 Quannapowitt Limited Partnership, 595 Quan-napowitt Limited Partnership, and 607 Quannapowitt Limited Partnership (partnerships).

 Lakeside Vista, LLC (LLC).

 The Middlesex actions were transferred to Suffolk County and re-styled as the above-captioned Nos. 08-3018 and 08-3017, respectively.

 Section 44 reads, in pertinent part, as follows:
A limited partnership is dissolved and its affairs shall be closed upon the happening of the first to occur of the following:
(1) at the time specified in writing in the partnership agreement:
(2) upon the happening of events specified in writing in the partnership agreement: ... or
(5) entry of a decree of judicial dissolution under section forty-five.
Section 45 provides that upon “application by or for a partner the superior court department of the trial court may decree dissolution of a limited partnership whenever it is not reasonably practicable to carry on the business in conformity with the partnership agreement.”

 Section 43 provides that a limited liability company is dissolved upon the first to occur of the following:
(1) the time specified in the operating agreement;
(2) the happening of an event as specified in the operating agreement; ... or
(5) the entry of a decree of judicial dissolution under section forty-four.
Section 44 provides that, upon application “by or for a member or manager the superior court department of the trial court may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on its business in conformity with the certificate of organization or the operating agreement.”

 Flled as the operative Symes Interests pleading in the dissolution actions and in consolidated action No. 07-703, North Ave. Corp. et al. v. Wakefield. Quannapowitt Corp. et al., in which the Nigro Interests seek a declaratory judgment that Symes and WQC have “retired” under the terms of the partnership agreements, “thereby passing exclusive managerial control of the Partnerships to North Ave. Corp. as the sole general partner.”