WINDHAM v. MORRIS.

1. Appeal and Error—Chancery Cases—De Novo Review—Question of Fact.

The Supreme Court does not, on *de novo* review of a chancery case, reverse a determination of disputed facts unless convinced from a reading of the entire record that it would have reached a different conclusion had it occupied the position of the trial court.

2. Fraud — Rescission — Reliance on Misrepresentations — Evidence.

Plaintiff purchasers of defendant's house and lot *held*, not entitled to rescission or abatement on land contract because of alleged fraud, where record shows they had placed no reliance upon claimed fraudulent representations in an appraisal that had been made of the premises in connection with other proceedings.

3. Same—Opinion Statements—Cost of Repairs.

Plaintiffs in suit for rescission of land contract for the purchase of a house and lot *held*, to have failed to sustain their burden

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 822.
[2] 55 Am Jur, Vendor and Purchaser §§ 593, 595.
[3] 55 Am Jur, Vendor and Purchaser § 68.
[4] 12 Am Jur, Contracts §§ 126, 143.
[5] 5 Am Jur 2d, Appeal and Error § 1010.

of proof as to falsity of alleged statement of defendant as to
estimated cost of repairs which if made would have been, at
best, opinion statements which are not generally considered
a proper basis for fraud.

4. CONTRACTS—RESCISSION—MUTUAL MISTAKE—FRAUD.

Rescission of a contract will not lie except for mutual mistake or
unilateral mistake induced by fraud.

5. COSTS—BRIEF.

No costs are allowed in affirmance of decree, where appellees did
not file a brief.

Appeal from Genesee; McGregor (Louis D.), J.
Submitted April 2, 1963. (Calendar No. 6, Docket
No. 49,523.) Decided May 9, 1963. Rehearing de-
nied July 17, 1963.

Bill by William Hayden Windham and Marie
Elaine Windham against Ray H. Morris, Elmer
Carnes, Donald R. Stephenson, and Beatrice L.
Stephenson to rescind land contract. Bill dis-
missed. Plaintiffs appeal. Affirmed.

*Leon A. S. Seidel* and *Richard C. Fruit,* for plain-
tiffs.

*William H. Windham, in propria persona,* on ap-
plication for rehearing.

KAVANAGH, J. Plaintiffs, husband and wife, land
contract purchasers, filed their bill of complaint in
the Genesee county circuit court in August, 1959,
against defendant vendors, real-estate salesman and
broker. They alleged fraud on the part of all de-
fendants in inducing them to purchase certain real
estate. In the alternative, they alleged mistake and
sought rescission of their contract or an abatement
of the purchase price.

Defendants Stephenson listed the property for
sale with defendant Morris, a licensed real-estate
broker. Defendant Carnes, a licensed real-estate

salesman, worked part time for defendant Morris.

Plaintiff husband learned of the house through a fellow employee. He then approached defendant Carnes, who worked at the same factory, and inquired about the house, its location and price. He arranged with Carnes for an inspection of the house at 4 p.m. Some hours prior to keeping the appointment, plaintiffs went to the premises for a preliminary inspection. Defendant Donald Stephenson was at the premises. He allowed plaintiffs to inspect the house unaccompanied by him. As plaintiffs were leaving they told Stephenson they thought they would buy the house.

Plaintiffs kept the appointment with defendant Carnes and inspected the house. Carnes purchased a flashlight when plaintiffs evidenced a desire to make a more detailed inspection. Plaintiff husband used the flashlight to inspect the basement and attic unaccompanied by Carnes.

Plaintiffs claim that Carnes told them an appraisal had been used and approved in defendant Donald Stephenson's divorce case. Carnes denied making this statement. In any event, plaintiffs were shown a copy of the appraisal made by a Mr. Haines, a real-estate broker, on August 14, 1957, placing a value of $6,600 on the premises. This appraisal listed the condition of various parts or portions of the building, stated the estimated age as 35 years and the replacement cost including the land at $20,-000. Plaintiff husband claimed that Carnes told them that for an expenditure of $2,000 they would have a $10,000 to $12,000 piece of property. Plaintiff wife claimed that Carnes' figures were $10,000 to $14,000. Carnes admitted using the $2,000 figure, but claims he said if plaintiffs put $2,000 in the house they would have quite a livable house. He testified at the trial that such discussion concerned repairs to the house, not rebuilding or altering it.

On October 5, 1957, plaintiffs purchased the property on land contract for $6,500 with a payment of $500 down and the balance on terms. Immediately thereafter plaintiffs commenced alterations and reconditioning, converting the premises into a 2-family residence. The work included installation of a second complete bath, new sets of cupboards, new oil furnace, new wiring, fixtures and additional outlets, considerable replastering and drywall construction, and other improvements, for which plaintiffs expended approximately $6,000 for materials and their own labor.

In July, 1958, plaintiffs learned of the terms of the divorce decree by which defendant Donald Stephenson was awarded the house at a value of $4,500. They also learned that Stephenson had testified in the divorce case that the property had a value of $4,500.

In September, 1958, the plaintiffs requested defendant sellers to discount the contract. Defendants refused to do so. In August, 1959, plaintiffs filed their bill of complaint.

Following a trial in which there was considerable testimony as to the condition of the house at time of purchase, the condition of the house at time of trial, the additions, alterations and repairs, and testimony as to the age of the house, the trial court concluded the defects were discernible upon inspection and were apparently seen by plaintiffs before execution of the land contract. The court concluded the evidence failed to disclose actionable fraud or fraudulent misrepresentations or reliance upon the alleged misrepresentations and dismissed plaintiffs' bill of complaint.

On appeal the question is: Does a review of the record disclose plaintiffs are entitled to the relief prayed for?

Plaintiffs contend the statements in the appraisal as to age, value and condition of the property, and the alleged statements of defendant Carnes as to cost of repairs were fraudulent.

With reference to the question as to whether or not the value and condition of the property was misrepresented, the trial court found on a determination of disputed facts that they were not misrepresented. While we try these chancery cases *de novo,* we do not reverse a determination of disputed facts unless we are convinced from a reading of the entire record we would have reached a different conclusion had we occupied the position of the trial court. *Gertz* v. *Fontecchio,* 331 Mich 165.

A necessary element of proof in a case such as this is that the fraudulent statements, if made, were relied upon by plaintiffs to their detriment. The trial court held—and we think the record supports its position—that there is no evidence the plaintiffs relied on the representations in the appraisal as to age, value and condition of the property. Plaintiffs examined the premises alone and stated to defendant Donald Stephenson as they were leaving that they thought they would purchase the property. There is no evidence the appraisal was an inducing factor in plaintiffs' decision to purchase. And it was not until 1 year later, when plaintiffs learned Donald Stephenson had placed a value of $4,500 on the property in his divorce suit, that plaintiffs' attitude changed from one of pride to dissatisfaction. Since there was no reliance upon the claimed fraudulent representations in the appraisal, plaintiffs are not entitled to relief. *Columbus Pipe and Equipment Co.* v. *Sefansky,* 352 Mich 539; *A & A Asphalt Paving Co.* v. *Pontiac Speedway, Inc.,* 363 Mich 634.

The only remaining representation claimed to have been fraudulent is the alleged statement of defendant Carnes that the cost of the repairs would not exceed

$2,000. We do not have any evidence in the record as to the actual amount of the repairs. The evidence involves extensive alterations and improvements establishing a 2-family dwelling from which income could be derived. Plaintiffs have, therefore, not sustained the burden of proof as to the falsity of such representation even if it had been made. If such a statement were made, clearly it would fall in the category of opinion and within the general rule that fraud cannot be predicated on opinion statements. *Mieske* v. *Harmony Electric Co.,* 278 Mich 61.

Plaintiffs ask for alternative relief based upon mistake. Generally, rescission of a contract will not lie except for mutual mistake or unilateral mistake induced by fraud. *Trembert* v. *Mott,* 271 Mich 683 (38 NCCA 283). Clearly there was not a mutual mistake, and we have previously found there was no fraud.

The decree of the trial court is affirmed. No costs, appellees not having filed a brief.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.