## WOOLNER v. LAYNE

1. Landlord and Tenant—Lease—Affirmative Defense—Mistake —Fraud—Burden of Proof.

Lessees, who refused to pay certain amounts on the strength of an affirmative defense of mistake or fraud, when sued for those amounts, failed to sustain their pleaded burden of proving that lessors knew when they signed the lease, which set forth an express obligation of the lessees to pay those amounts, that it did not accurately express the intention of the lessees and that lessors did know what that intention was.

2. Landlord and Tenant—Lease—Affirmative Defense—Mistake—Fraud—Burden of Proof.

Lessees' affirmative defense of mistake or fraud in the execution of a lease, when sued for amounts they were expressly obligated thereunder to pay, was totally unsupported by proof, or even any permissible inference from the proof submitted, where it was not shown that the lessors knew the lease did not accurately express the intention of the lessees as to the terms embodied therein, and it was not shown that the lessors knew the claimed intention of the lessees.

3. Reformation of Instruments—Contracts—Recission—Mistake —Evidence.

To obtain a decree rescinding or reforming a written conveyance, contract, assignment or discharge for mistake, it is essential that the facts necessary for the allowance of the remedy shall be proved by clear and convincing evidence and not by a mere preponderance.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  49 Am Jur 2d, Landlord and Tenant §§ 38–40.
[3]  45 Am Jur, Reformation of Instruments § 116 et seq.

Appeal from Court of Appeals, Division 2, Mc-
Gregor, P. J., and Quinn and Levin, JJ., affirming in
part and reversing in part Ingham, Louis E. Coash,
J. Submitted October 20, 1970. (No. 32 October
1970 Term, Docket No. 52,070.) Decided December
30, 1970.

10 Mich App 249 reversed.

Complaint by Sidney and Doris Woolner against
Chester and Evelyn Layne, to recover amounts due
under a lease. Judgment for plaintiffs. Defendants
appealed to Court of Appeals. Affirmed in part and
reversed in part. Plaintiffs appeal. Court of Ap-
peals reversed and case remanded to circuit court.

*Rapaport, Siegrist & Sablich,* for plaintiffs.

*Farhart, Burns & Luoma,* for defendants.

PER CURIAM. Facts requisite to exposure of our
reason for grant of leave to appeal (381 Mich 769)
are not difficult of statement. The plaintiff lessors
and the defendant lessees executed a one year lease
covering plaintiffs' house and lot. The lease set
forth an express obligation of the lessees to pay the
sum of all taxes levied against the demised premises
during the stated term and the sum of all insurance
carried on the house during that term.

Defendants, sued for the two sums by plaintiffs,
refused to pay on strength of an affirmative defense.
The defense, obviously framed upon and around the
rule appearing in 2 Restatement, Contracts, § 505,
p 973 (quoted and discussed post), was "that in
negotiations between the parties the payment of
taxes and insurance by the defendants was not con-
templated by the parties;" that "defendants assert
during the preparation of the written lease by a

third party, a provision requiring defendants to pay taxes and insurance upon the premises during the term of their lease was erroneously included in said lease by the said third party;" that "defendants signed [said] lease mistakenly in that they overlooked said provision;" that "plaintiffs also signed said lease mistakenly being unaware of said provision contained in said lease or in the alternative that plaintiffs signed said lease with knowledge that the provision for payment of taxes and insurance by defendant was contained therein, but knowing full well that said provision was not contemplated by the parties and should not have been contained in said lease, therefore acting fraudulently as to defendants * * *."

Plaintiffs, replying, framed the issue as tried and brought to appeal by flatly denying the foregoing affirmative allegations.

The trial judge, dictating his opinion from the bench, held that in the absence of fraud, reformation of a contract is not warranted by the mistake of one party and, to warrant reformation, that the asserted mistake must be that of both parties.

These defendants have failed to sustain their pleaded burden of proving what Division 2 seems to have concluded was established as a matter of law, that is to say, that the *plaintiff lessors* knew when they signed the lease that it did not accurately express the intention of the other parties and that they, the *plaintiff lessors,* did know what that intention was, thus bringing said § 505 into play.

When completely quoted § 505 reads (emphasis ours):

"§ 505  Reformation Where a Mistake of One Party is Known to the Other.

"*Except as stated in §§ 506, 509–511,* if one party at the time of the execution of a written instrument

knows not only that the writing does not accurately express the intention of the other party as to the terms to be embodied therein, but knows what that intention is, the latter can have the writing reformed so that it will express that intention."

The main trouble with the defense thus pleaded is that it is totally unsupported by proof, or even by any permissible inference from the proof submitted. It was *not* shown that the plaintiffs knew the lease did not accurately express the intention of the defendants as to the terms to be embodied therein, and it was *not* shown that the plaintiffs knew the claimed intention of the defendant lessees. And a cumulant failure of that defense appears upon examination of one of the express exceptions set forth in § 505, that is to say, the exception made by ensuing § 511 (2 Restatement, Contracts, p 981):

"§ 511. Evidence Necessary for Avoidance.

"It is essential in order to obtain a decree rescinding or reforming a written conveyance, contract, assignment or discharge for mistake, that the facts necessary for the allowance of the remedy shall be proved by clear and convincing evidence and not by a mere preponderance."

*To summarize:*

The amount embraced by this purely legal action is comparatively insignificant ($845.83). What is significant is that the panel below, proceeding as it did to apply the purely equitable rule of § 505 without the factual support which § 511 exacts, has inserted in the reports of the Court of Appeals a commitment—certainly of the circuit and other subordinate benches—to something new in Michigan's law of contracts. It seems to be known as "the 'actual intent' school of thought;" not "the 'objective' school of thought." See the opinion below, 10 Mich App at 252. We are not ready to attend the first

described school in the absence of precise proof such as Restatement's § 511 exacts.

Reversed and remanded for reinstatement of the judgment of the circuit court. Plaintiffs will have costs of all three courts.

T. E. BRENNAN, C. J., and DETHMERS, BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.

KELLY, J., did not sit in this case.