# STATE OF MICHIGAN

# COURT OF APPEALS

FRANCOIS EL-HAYEK,

      Plaintiff/Counter-Defendant-
      Appellant,

UNPUBLISHED
June 27, 2017

v

No. 331283
Oakland Circuit Court
LC No. 2015-145743-CK

TRICO PRODUCTS CORPORATION,

      Defendant/Counter-Plaintiff-
      Appellee.

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right an order dismissing his breach of contract action that was entered after his motion for summary disposition was denied and defendant's motion for summary disposition was granted in part and denied in part. We affirm.

Plaintiff was employed by defendant for about 28 years when he and 12 other employees were permanently laid-off in October 2014 after defendant was purchased by another company. Plaintiff was told at a meeting that if he signed an agreement containing noncompetition, release, and other clauses, he would receive separation pay for 34 weeks, along with other benefits. Plaintiff received an agreement in the mail soon after the meeting, which had already been executed by defendant. After several weeks, he signed the agreement and returned it to defendant.

The dispute in this matter centers on plaintiff's entitlement to separation pay. Prior to his termination, plaintiff earned about $123,585 annually. The separation agreement executed by the parties stated that plaintiff was to receive $80,805.97 *a week* for 34 weeks, for a total of about $2,747,400. However, if one takes plaintiff's salary on a weekly basis and multiplies it by 34, the result is $80,805.97. According to Peggy Greene, defendant's Director of North American Human Resources, this is no coincidence. Greene explained at her deposition that she mistakenly entered the total amount plaintiff was to receive over 34 weeks, rather than the weekly amount he was to receive. The separation agreements for the other laid-off employees had set forth only the gross amount they would receive, not the weekly amount.

Plaintiff sued, alleging that defendant breached the agreement by paying him only $4,753.29 on the 15th and last day of each month, rather than over $160,000 as required under

the terms of the separation agreement.[1]  Defendant then filed a counterclaim requesting the trial court to reform the separation agreement to reflect that a total of $80,805.97 would be paid to plaintiff over the term of their agreement.  On the parties' cross-motions for summary disposition pursuant to MCR 2.116(C)(10), the trial court reformed the contract and dismissed plaintiff's claim that defendant had not fully paid his separation pay in breach of their agreement.  The trial court denied summary disposition with regard to other purported breaches of the same agreement, but the parties stipulated to dismiss these remaining claims.  Plaintiff now appeals.

Plaintiff argues that the trial court should have granted his motion for summary disposition because it was undisputed that defendant breached the separation agreement.  We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).  A motion brought under MCR 2.116(C)(10) tests the factual support of a claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists, i.e., reasonable minds could not differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008); *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010).  We also review de novo issues of contract interpretation and equitable issues, such as whether reformation is proper. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005); *Kaftan v Kaftan*, 300 Mich App 661, 665; 834 NW2d 657 (2013).

As plaintiff argues, to prevail on his breach of contract claim one of the elements that he had to establish was that there was an enforceable contract between the parties.  But one of the several defenses to contract formation and enforceability is the defense of mistake.  And in defendant's counterclaim, it argued that there was a mutual or unilateral mistake regarding the amount of salary plaintiff would receive under the separation agreement.  Defendant further alleged that plaintiff knew or should have known about the mistake "but chose to keep silent to take advantage of the mistake."  To the contrary, plaintiff claimed that he had no knowledge of any such "mistake;" thus, the trial court should have awarded him the amount set forth in the parties' contract: $80,805.97 per week for 34 weeks, totaling $2,747,402.98.

A unilateral mistake is clearly a mistake by only one of the parties to the contract.  As defendant argued in response to plaintiff's motion for summary disposition and in support of its own motion for summary disposition, in this case, defendant's Human Resources Director, Greene, testified that she mistakenly set forth in the separation agreement the gross amount of pay that plaintiff was to receive instead of the weekly amount he was to receive.  Further, paragraph two of the separation agreement stated that the separation pay and benefits were "being made available pursuant to those certain Change of Control Separation Guidelines, 2010 (updated January 2014)."  And the clear and explicit terms set forth in the Change of Control Separation Guidelines set forth the amount of severance pay plaintiff was to receive—which was

---

[1] Under the agreement, plaintiff was to receive his separation pay in equal installments on defendant's regular paydays, the 15th and last day of each month.

a continuation of his "gross monthly base salary" for a specific amount of time and not $80,805.97 a week. Thus, at minimum, a disputed issue of material fact existed as to whether a unilateral mistake rendered the contract between the parties unenforceable as written. See *Allison*, 481 Mich at 425; *Lakeview Commons*, 290 Mich App at 506. Accordingly, the trial court properly denied plaintiff's motion for summary disposition of his breach of contract claim.

Next, plaintiff argues that the trial court erroneously granted defendant's motion for summary disposition of his counterclaim and reformed the contract between the parties. We disagree.

"Michigan courts sitting in equity have long had the power to reform an instrument that does not express the true intent of the parties as a result of fraud, mistake, accident, or surprise." *Johnson Family Ltd Partnership v White Pines Wireless, LLC*, 281 Mich App 364, 371-372; 761 NW2d 353 (2008). In this case, defendant has presented clear and convincing, uncontroverted evidence that the separation agreement contained a mistake, made by defendant when it drafted the document. Greene explained that when she prepared the agreement, she mistakenly entered the figure of $80,805.97 as a weekly payment when defendant actually intended for that to be the sum of all severance payments to be paid to plaintiff. While plaintiff averred in his affidavit that he believed a payment of $80,805.97 a week for 34 weeks was "fair based on my 28 years of service," as the trial court held, plaintiff presented no evidence in support of his subjective opinion which was "without any basis in objective fact." That is, plaintiff offered no evidence whatsoever that defendant actually intended to pay him that amount or from which such an intention could be inferred. Mere conclusory allegations are insufficient to demonstrate that a genuine issue of material fact exists for trial. MCR 2.116(C)(10); *Quinto v Cross & Peters Co*, 451 Mich 358, 370-372; 547 NW2d 314 (1996).

In *Johnson Family*, 281 Mich App at 380, this Court discussed contract reformation because of a unilateral mistake:

> Michigan has long recognized that an agreement may be reformed because of a unilateral mistake that was induced by fraud. See *Windham v Morris*, 370 Mich 188, 193; 121 NW2d 479 (1963). However, fraud is not a necessary element of every action to reform an agreement on the basis of a unilateral mistake. Our Supreme Court has stated:
>
>> "[I]f one party at the time of the execution of a written instrument knows not only that the writing does not accurately express the intention of the other party as to the terms to be embodied therein, but knows what that intention is, the latter can have the writing reformed so that it will express that intention." [*Woolner v Layne*, 384 Mich 316, 318-319; 181 NW2d 907 (1970), quoting 2 Restatement Contracts, § 505, p. 973.]

Further, as noted in *Johnson Family*, our Supreme Court in *Barryton State Savings Bank v Durkee*, 325 Mich 138, 141-142; 37 NW2d 892 (1949), also held that a contract may be reformed when one party to a contract made a mistake and the other party knows about the

-3-

mistake but remains silent about it, i.e., there was inequitable conduct. See *Johnson Family*, 281 Mich App at 380.

In this case, the trial court held that plaintiff's inequitable conduct accompanying defendant's mistake warranted reformation of the parties' contract and we agree. While plaintiff denied having any knowledge of defendant's mistake, as the trial court held, the evidence demonstrated that plaintiff had been informed by defendant "on more than one occasion that severance pay meant continuation of his regular salary." Further, again, paragraph two of the separation agreement itself stated that the separation pay and benefits were "being made available pursuant to those certain Change of Control Separation Guidelines, 2010 (updated January 2014)." And the Guidelines indicated that severance pay was merely a continuation of the "gross monthly base salary" for a specific amount of time. Moreover, plaintiff earned about $123,000 a year when he was terminated; thus, plaintiff's claimed belief that he would earn more in severance pay than he had earned in nearly 30 years of employment with defendant was unsupported by objective fact. And, we note, simple math demonstrates that the amount of separation pay stated in the agreement is 34 times plaintiff's weekly salary at the time of his termination. Thus, as the trial court held, there is no reasonable dispute that the evidence permits the inference that plaintiff knew that defendant did not intend for him to receive severance pay in the amount of $80,805.97 a week for 34 weeks. Nevertheless, plaintiff remained silent about defendant's mistake. Accordingly, the trial court properly granted defendant's motion for summary disposition and reformed the parties' agreement.[2]

Affirmed.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause

---

[2] We note and reject plaintiff's argument that the unclean-hands doctrine prevented reformation because the conduct referred to by plaintiff does not warrant its application. Further, plaintiff's argument that the parol evidence rule precluded consideration of extrinsic evidence is contrary to longstanding authority that such evidence is admissible to establish the fact of a mistake. See, e.g., *Goldberg v Cities Serv Oil Co*, 275 Mich 199, 209; 266 NW 321 (1936); *Hamade v Sunoco Inc (R & M)*, 271 Mich App 145, 167-168; 721 NW2d 233 (2006).